## SOUTHERN RAILWAY COMPANY *v.* MIKO.

A consignee having no special or general property in goods consigned to him, and incurring no risk from their transportation, can not maintain against the carrier an action ex delicto for loss or damage to the goods in transit. ·

MAY 10, 1911.

Action for damages. Before Judge Edwards. Haralson superior court. June 29, 1910.

*Lloyd Thomas, Griffith & Mathews,* and *Maddox, McCamy & Shumate,* for plaintiff in error. *J. M. & H. J. McBride,* contra.

HOLDEN, J. The defendant in error (hereinafter called the plaintiff) brought suit against the plaintiff in error (hereinafter called the defendant), making substantially the following allegations: The defendant was a corporation doing the business of a common carrier of passengers and goods within the State, with officers and agents within the county in which the suit was brought, and on the "16th day of May, 1907, said Southern Railway Company received at its shipping office in Atlanta, Fulton County, Georgia, one glazed door, . . the property of petitioner, for shipment over its said line to Waco, Ga., and issued its receipt or bill of lading therefor, in which bill of lading petitioner was named as consignee." The door was injured and damaged to the extent of $50. She afterwards filed with the agent of the defendant her claim for damages, duly verified, in pursuance of the act of 1906, (Ga. L. 1906, p. 102), and the defendant refused to pay and adjust the claim. She brought suit to recover $50 "damage, with legal interest, as well as for the additional sum of fifty dollars as a penalty

for its said failure to adjust and pay said claim within sixty days from the time said claim was filed with the agent of defendant as aforesaid." By amendment the plaintiff alleged that the door was injured and damaged and rendered "almost entirely valueless" by the negligence of the defendant. The defendant filed exceptions pendente lite to the overruling of its general and special demurrer to the petition, and thereon assigned error in its bill of exceptions, wherein error was also assigned on the order of the court overruling its motion for a new trial.

1.    The uncontradicted evidence of Theodore Miko, who was the husband of the plaintiff and testified in her behalf, and who was the only witness testifying with respect to the title or ownership of the door, shows that it belonged to him and was shipped by him from Atlanta, Ga., to Waco, Ga., and in the bill of lading H. Miko & Co. were named as consignors and the plaintiff as consignee. He further testified that the door was badly damaged when it reached Waco, and was not taken from the custody of the defendant. The consignee never became a bailee in actual possession of the property. The carrier never delivered it to her, or to any one for her. This case does not come within that class of cases where a recovery can be had by a bailee for damage to property while in his possession as bailee. A right of action in assumpsit exists in favor of the consignor who makes with a carrier a contract for the shipment of goods, for the failure of the carrier to deliver the shipment to the consignee, even though the consignor has no title to or interest in the property. The common carrier, having made a contract with the consignor to carry and deliver the goods received by it for shipment, is liable to the consignor for a breach of the contract, and the carrier can not defeat recovery for a breach of the contract by showing that the consignor had no title to or interest in the property. Carter v. So. Ry. Co., 111 Ga. 38 (36 S. E. 308, 50 L. R. A. 354) ; 3 Hutchinson on Carriers, §§ 1312, 1314, 1320; 4 Elliott on Railroads, § 1692. If the consignee owned the property shipped, the consignor would hold the amount recovered in trust for the consignee, and the latter could not afterwards recover of the carrier for its failure to carry and deliver the property to him, or for any injury to the property. The consignee of property delivered by another to a common carrier for shipment is presumed to be the owner, and presumptively a right of action exists in his favor for

18

any injury or damage to the property in transit; but the presumption that the consignee is the owner may be rebutted, and where it appears that the consignee has no general or special property in the goods shipped, and incurs no risk in their being transported, he can not maintain an action ex delicto for the loss of, or for any damage to the property. 4 Elliott on Railroads, § 1692; 3 Hutchinson on Carriers, § 1320; 3 Am. & Eng. Enc. Pl. & Pr. 830 (2), 831 (5) ; 4 Dec. Dig. § 76; Grinnell *v.* Chicago &c. Ry. Co., 109 Minn. 513 (124 N. W. 377, 26 L. R. A. (N. S.) 437). Where the consignor makes a contract with a common carrier for the shipment of goods which belong to the consignee, the former may recover in assumpsit for a breach of the contract, and the latter may recover for any loss or any damage to the property, and a recovery by either of the full amount of damage caused by the carrier would bar a recovery of such damage by the other. However, if the consignee incurs no risk in the transportation of the goods, and has no general or special property in them, he can not recover in an action for a tort because of the loss of or injury to them. There are many cases holding that though the consignee may not be the real owner, if he has a special interest in the property shipped, he may maintain an action for the loss, or for any damage to such property in transit, and in such action may have a recovery of the full value of the property where lost, or full amount of damages to the property where it is damaged. See Missouri Pac. Ry. Co. *v.* Peru-VanZandt Implement Co., 73 Kan. 295 (85 Pac. 408, 6 L. R. A. (N. S.) 1058, 117 Am. St. Rep. 468, 9 Am. & Eng. Ann. Cases, 790), and authorities cited in the opinion. On page 791, the court says: "The ownership need not be extensive, and an agent, factor, broker, bailee, or other person having rights in the property to be protected may maintain an action, and recover both for himself and the general owner."

In the case we are considering the consignee had no interest whatever in the property damaged while being transported from Atlanta to Waco by the railroad company. Her husband testified he owned the property, and "The reason I shipped this door to Mrs. H. Miko was because she was my wife and was running my house and was home all the time. I could not send it to anybody else, except my wife. I sent the door to my wife to my home. I could not send it to somebody else." The suit brought by the

consignee was for a tort and for the amount of damage to the property; whether the consignee could recover in an action ex contractu need not be considered. She had no general or special property in the door consigned to her, and incurred no risk in its transportation. She was not damaged, and a recovery in her behalf for any damage to the door was unauthorized. A verdict in favor of the defendant was demanded, and the court committed error in refusing a new trial. We deem it unnecessary to pass on the other questions made in the case, and they are left undecided without prejudice to either party.

*Judgment reversed. All the Justices concur.*