DELGADO MILLS *v.* GEORGIA RAILROAD & BANKING COMPANY.

ATKINSON, J.　1.　An action for damages on account of injury to personal property, resulting from negligence, must be brought in the name of the person who was the holder of the legal title to the property at the time of the injury. Civil Code, § 5517.

2. The rule in this State is: "When a bill of lading is attached to a draft drawn on a third person, it will be treated as security for the draft, and neither title to the goods, nor right to the bill of lading, will pass to the drawee until, as required therein, he accepts, or accepts and secures, or pays the draft, as the case may be." Civil Code, § 4134.

3. Accordingly, where a manufacturer of cotton goods enters into a contract with a cotton dealer at a distant point for the purchase of described cotton, and the dealer receives a bill of lading from a common carrier therefor, by the terms whereof the cotton is to be transported to the place of residence of the purchaser, consigned to the order of the shipper, with direction to notify the purchaser, and after obtaining the bill of lading the vendor indorses the same and attaches to it a draft on the purchaser for the price of the cotton and delivers the papers to a bank in which the vendor has an account, and the bank gives the vendor credit on its books for the amount of the draft and sends it forward for payment with the bill of lading attached, the purchaser does not acquire legal title to the cotton until he has accepted and paid the draft. If before the payment of the draft the cotton is burned prior to its removal from the warehouse in which it was stored at the time of the issuance of the bill of lading, the injury to the cotton having been caused by the negligence of an independent railroad company, the purchaser can not maintain an action against the offending railroad company for the tort.

(*a*) Payment of the draft by the purchaser subsequently to the injury and

before the institution of the suit would not give the purchaser a right to sue for the tort.

4. This case does not fall within the principle of *City of Atlanta* v. *Callaway*, 137 *Ga.* 495 (73 S. E. 736), and cases therein cited.

5. There was no error in directing a verdict for the defendant.

*Judgment affirmed. All the Justices concur.*
OCTOBER 12, 1915.

Action for damages. Before Judge Brand. Clarke superior court. January 9, 1915.

*Green & Michael* and *King & Spalding,* for plaintiff.

*Joseph B. & Bryan Cumming* and *Cobb, Erwin & Rucker,* for defendant.