## FLORENCE *v.* NORTHCUTT.

The court erred in sustaining the demurrer.

MAY 18, 1916.

Action for damages. Before Judge Patterson. Cobb superior court. April 27, 1915.

W. A. Florence sued Mrs. Annie W. Northcutt for damages, and alleged that she had injured him in the sum of $221.91, by reason of the following facts: She resides in Florida, and is the owner of a certain building in the city of Marietta, Ga., in which he is engaged in the dry-goods business. He is her tenant, renting a storeroom down stairs and the up-stairs over the rear end of the store, she reserving the front end up-stairs, which she by her agent, D. W. Blair, occupied on January 2, 1914. He pays a monthly rental of $75. Defendant is bound to keep the premises in repair, and not to negligently damage or allow him to be damaged by the negligent use of that part of the building not occupied by him. She had waterworks pipes running into the up-stairs of the building, and she owns the pipes and fixtures by which water is brought into the building. There is a faucet and basin immediately above his storeroom, which is in use by authority of the defendant, not for the use of plaintiff, but for the use of defendant and such others as she may designate.

Plaintiff has no use for this faucet and waterworks, and does not use them, nor does he have any use or control of that part of the building over his store where water is conveyed; but the same is in the possession, custody, and control of the defendant. It was her duty to have such pipes and fixtures about the waterworks pipes as would render his goods below safe from leakage and overflow; but the pipes, faucet, and basin were antiquated, rusty, and out of repair; the faucet or opening would not stay shut when it was shut off; it would open of its own accord from the pressure of the water in the pipe, which fact plaintiff did not know at the time. By reason of its inferior quality and its old and worn-out condition (of which he did not know and could not have known by the exercise of ordinary diligence) the faucet was opened by the water pressure, no one using any force; and the water ran out of the pipes to the floor above, and ran down through the upstairs floor into the plaintiff's store beneath, causing damage to his stock of goods in the sum of $221.91, an itemized list of the damages being attached to the petition. The defendant was negligent in not having "modern reliable waterworks pipes," faucets, and fixtures above his store; and in keeping and maintaining antiquated, worn-out pipes, faucets, and fixtures over his store, with faucets and pipes which would open automatically, with no one to cause them to open, and thus let the water flow down on his goods. He was free from fault or negligence, and in no way contributed to the damage; and he had no knowledge or warning that the water was likely to run down through the floor on to his goods.

The defendant demurred to the petition as amended. The court sustained certain special demurrers, on March 13, 1915, with leave to the plaintiff so to amend his declaration as to meet the demurrers on or before March 19, 1915; and the plaintiff not having amended in any respect since that judgment, the court, on April 27, 1915, sustained the general demurrer and dismissed the petition. To this judgment the plaintiff excepted.

*J. E. Mozley* and *H. B. Moss,* for plaintiff.

*D. W. Blair,* for defendant.

HILL, J. (After stating the foregoing facts.) It is the duty of a landlord to keep the rented premises in repair. Civil Code (1910), § 3699. It is also his duty, when he rents at full price,

to make the tenements suitable for the purpose for which they are rented, unless the tenant knows as much about the premises as the landlord does; "and he must, upon notice of any defect, keep it, by repairs, in such condition as to be suitable for such use." *White* v. *Montgomery*, 58 *Ga.* 204. Did the defendant have notice? It was alleged that the plaintiff occupied a store-room which was rented from the defendant, and which was underneath a room occupied by an agent of the defendant. It was from a defective faucet in the room above that the water came which damaged plaintiff's goods. According to the allegations, the plaintiff had no use or control of this room and did not know of the defects in the faucet and waterworks, and could not have known of their condition by ordinary diligence. The general rule is that the landlord must have notice of defects; but it was alleged that the defendant, by her agent, who occupied the upstairs room, *did know* of the inferior quality of the pipes and faucet, and that on account of its age and rusty, worn-out condition the faucet automatically opened and "would not stay shut when shut off," on account of the water pressure in the pipes and the inferior condition of the faucet; and that the damage to the plaintiff's goods in the room below was the consequence. These allegations, if true, are sufficient to charge the defendant with notice of the defective condition of the premises. We can not say, on demurrer, that the facts set out in the petition do not state a cause of action. It is true the defendant was a non-resident, and was entitled to notice from the tenant, if he knew and she did not know of defects which were likely to damage him; but it is alleged that the defendant's agent occupied the room above, and that he knew or could by ordinary diligence have known of the defects.

But it is insisted that the averment that the defendant reserved and retained the front end room upstairs, which she by her agent occupied, is insufficient for the reason that it does not show how or for what purpose the defendant occupied the upstairs. If she did occupy it, she was chargeable with notice of its condition, and that it was in an unsafe condition, if it was so relatively to the tenant below. There is nothing to suggest that the tenant knew of the defective condition until the damage occurred, or that by ordinary diligence he could have known of the defective condition of the faucet, so as to give notice to the landlord. So

far as appears, the plaintiff had no access to the upper room occupied by the defendant's agent. On the contrary, he alleges that he did not have knowledge that the faucet was in a leaky condition, so as to put upon him the duty of giving notice to the defendant. It was alleged in terms that the defendant did know or by ordinary care could have known of the defective condition. It is argued that the defendant would not be responsible for any act of misfeasance or malfeasance on the part of her other tenant, and that the plaintiff's remedy would be against him. There is no allegation that there is another tenant, but that the defendant was the occupant of the upper room by her agent, or alter ego. The allegations detailed in the petition and amended petition are, we think, sufficient to set out a cause of action as against the demurrer.　　*Judgment reversed. All the Justices concur.*