## 7798. LOWDEN v. MERCHANTS AND MINERS TRANSPORTATION COMPANY.

1. Where suit against a common carrier is brought by and in the name of the consignor, for the loss or destruction of goods delivered to the carrier for transportation, under an ordinary contract of affreightment, not indicating any reservation of title to the goods in the consignor, it must clearly appear, from the allegations in the petition, that the title to the goods was in the consignor at the time the right of action for their loss or destruction accrued.
2. After the loss or destruction of the property, and therefore after the accrual of the right of action in the person in whom the title to the property was then vested, an assignment or transfer of all of his rights on account of the tort by the consignee to the consignor will not serve to invest the latter with such title to the goods destroyed as would authorize the consignor to maintain an action in tort therefor.

DECIDED JUNE 18, 1917.

Complaint for damages; from city court of Savannah—Judge Freeman. August 9, 1916.

*W. B. Stubbs, G. N. Alford,* for plaintiff.

*Adams & Adams,* for defendant.

WADE, C. J. George W. Lowden brought suit against the Merchants & Miners Transportation Company, a corporation having an office and agency in Chatham county, Georgia, alleging: that on January 30, 1913, and from that date until the date on which this action was brought, the defendant had been continuously engaged in the business of transporting, for compensation, goods from place to place, wholly within the State of Georgia, and from points within to points without said State; that the defendant had injured and damaged petitioner in the sum of $1,998.50, for on January 30, 1913, defendant received from petitioner at its warehouse in Savannah, Georgia, a carload of oysters for transportation to Chicago, Illinois, which, for a consideration named, it then and there undertook and agreed to safely transport from its said warehouse in Savannah, Georgia, to Chicago, Illinois, and to there deliver in good condition to John H. Leslie & Company; that petitioner delivered said goods to the defendant in good condition on the date and at the place aforesaid, loading said oysters in a "certain named car at its warehouse, and the defendant then and there received said property for transportation under the aforesaid agreement; that defendant transported said car of oysters to its wharf in Savannah, Georgia, and there on February 2, 1913, while said goods were being delayed by defendant, in order that they might be loaded on a ship belonging to the defendant company, they were completely destroyed by fire; "that petitioner *was* [italics ours] the owner of said goods," and when the same were delivered to defendant as aforesaid, they were of the following invoice (description here given) ; "that heretofore John H. Leslie & Company has assigned in writing to petitioner all rights and claims it may have against defendant by reason of the facts set out in this petition;" that petitioner filed a verified notice of its claim as required by the act of the legislature of Georgia (Acts of 1916, p. 102), but defendant has not adjusted said claim, though more than 90 days have elapsed since the same was filed with it, and defendant wholly fails and refuses to pay the same; that by reason of the facts above recited the petitioner has been damaged in the sum of $1,998.50

with interest from February 2, 1913, and is entitled to $50 penalty, according to the statute in such cases made and provided, wherefore petitioner prays for process and judgment, etc.

To the original petition the defendant interposed a general demurrer on the ground that the petition set forth no cause of action against the defendant. The petition was thereupon amended, so that as amended it contained the recitals set out above, and the court thereupon passed the following order: "A number of foregoing grounds of demurrer are not now good, because of the amendment made to plaintiff's petition. The case as it now stands sounds in tort. Right of action for tort is not assignable. I think the special demurrers should be and they are overruled. But I also think the general demurrer is good, and it is sustained and the case dismissed." The plaintiff thereupon made a motion to reopen the demurrer, and in his motion submitted the following: "It appears from the order set out above that the court was under the impression that plaintiff was relying entirely upon the assignment of John H. Leslie & Company of the right of action for the tort. The twelfth paragraph of the petition alleges that petitioner was the owner of the property and this allegation was admitted for the purposes of the demurrer. There is nothing in the amended petition to show that any person other than plaintiff had any interest in the property." The court thereupon vacated the said order on the demurrer and allowed an argument thereon, but, after argument, entered up another order, reaffirming the original order sustaining the demurrer, as follows: "Upon reconsideration, upon plaintiff's motion, of above demurrers, my opinion is unchanged, and the foregoing order on demurrers dated May 22, 1916, is reentered of this date. August 9, 1916." Thereupon the plaintiff filed a bill of exceptions.

It will be observed from the petition as amended, which is set forth practically in full in the foregoing statement, that the plaintiff alleges therein that by reason of the facts therein recited, "petitioner has been damaged in the sum of $1,998.50," etc. It further appears that the judge, in the order sustaining the general demurrer and dismissing the petition, based his action upon the view that the case, as it stood after the original petition had been amended, sounded in tort; and in the petition to reopen the demurrer for further argument the plaintiff raised no issue on this

286 LOWDEN v. MERCHANTS AND MINERS TRANS. CO. [20 Ga.

point. The bill of exceptions itself recites that the action was in tort, and this view is adhered to in the briefs of counsel for the plaintiff in error. It is therefore unnecessary to consider or determine whether the petition as amended sought a recovery for breach of contract or for a tort, but the case will be treated as one arising ex delicto, and not ex contractu.

It is a fundamental principle of pleading that where a petition is susceptible of more than one construction, the construction most unfavorable to the pleader must be adopted. The petition in this case nowhere alleges in so many words that at the time the loss originated or the tort occurred the plaintiff was in fact the owner of the property for the destruction of which suit was brought. The petition alleges generally that the petitioner had been injured and damaged by reason of the facts recited in the 10th paragraph thereof. Further on, the specific statement is made "that petitioner was the owner of the said goods, and when delivered to the defendant as aforesaid they were of the following invoice," etc.; and again, that by reason of the premises recited "petitioner has been damaged in the sum," etc. The allegation that "petitioner was the owner of the said goods," when taken in connection with the further connected statement, "and when delivered to defendant as aforesaid they were of the following invoice," etc., by no means amounts to a definite assertion that the goods were still the property of the plaintiff Lowden *after* they had been delivered to the defendant company for transportation, or after possession thereof had been surrendered to said company in order that the same might be transported to John H. Leslie & Company at Chicago, Illinois.

The consignor who is the owner of goods lost in transit may, it is true, maintain an action in tort against the carrier for breach of duty as a common carrier. *Savannah &c. Ry. Co.* v. *Commercial Guano Co.,* 103 *Ga.* 590, 598 (30 S. E. 555); *Southern Railway Co.* v. *Miko,* 136 *Ga.* 272 (71 S. E. 241, 36 L. R. A. (N. S.) 68); *Lamb* v. *Mitchell,* 15 *Ga. App.* 759, 764 (84 S. E. 213). "However, it is generally found stated in the books that the consignee is prima facie the person entitled to sue for an injury to or the loss of a shipment of goods, and this principle holds true whether or not in the particular jurisdiction the strict view is entertained that the owner alone can bring an action, since it is a presumption of

law that on the delivery of goods to a common carrier the title thereto vests in the consignee, and this presumption the carrier has the right to rely on, in the absence of express notice from the consignor to the contrary. Indeed, where the property is received on an unconditional and unrestricted consignment, the carrier not only may, but must, treat the consignee as the absolute owner until he receives notice to the contrary." 4 R. C. L. 941. It is further said in the same volume (p. 940): "That the real owner, whether consignor, consignee, or neither of these, as for instance, a bailor of the consignor, may sue for such a loss or injury on proof of title is well established." And again (p. 942): "Proof that the consignor is the owner of goods shipped entitles him to maintain an action against a carrier for their loss." It follows, as a necessary corollary, since a recovery by the consignor is allowable only where proof of title in him is well established, that to render a petition good against general demurrer, where the action is brought by a consignor to recover damages on account of the destruction of goods delivered by him to a common carrier (under, so far as appears, an ordinary contract of affreightment reserving no title in the consignor), it should be distinctly and definitely alleged therein that at the time the property so delivered to the carrier was actually destroyed the title thereto was in the consignor, and not in the consignee or another—the presumption being in such a case that the title was in the consignees.

Having in mind the rule above referred to, that a petition must be construed most strongly against the rights the plaintiff therein seeks to set up, it can not be reasonably maintained that the allegation in the petition under consideration, "that petitioner *was* the owner of said goods" (especially when taken in connection with the statement referring to the invoice thereof when delivered to the carrier for transportation), amounts to a distinct statement that the petitioner was the owner of said goods *after* they had been delivered to the defendant for transportation and at the time they were thereafter destroyed by fire at the warehouse of the defendant. In fact the more reasonable construction to be placed upon this allegation of ownership is that the goods were the property of the petitioner when delivered to the defendant for shipment on the 30th day of January, 1913, consigned under an ordinary bill of lading for delivery to John H. Leslie & Company at Chicago, Illi-

nois; and the fair legal conclusion to be arrived at from the particular statement referred to, when taken in connection with the entire petition, is that no allegation of ownership in the plaintiff at the time of the injury is made in the petition. To the contrary, it would appear from the statement in the 13th paragraph of the plaintiff's petition, "that heretofore John H. Leslie & Company has assigned in writing to petitioner all rights and claims it may have against defendant by reason of the facts set out in this petition," that in fact, at the time of the destruction of the goods by fire, after their delivery to the common carrier for transportation to the consignee under an ordinary bill of lading that did not reserve title in the consignor, the title had passed to John H. Leslie & Company, and was vested in them as consignees and not in the consignor on February 2, when the property was destroyed and this right of action accrued. The suggestion is made by learned counsel for the plaintiff in error that this paragraph, alleging an assignment in writing to the petitioner of all rights and claims against the defendant that John H. Leslie & Company might have by reason of the facts set out in the plaintiff's petition, was not intended as a basis for the suit as brought, but was intended merely to show definitely that John H. Leslie & Company were claiming no interest in the property destroyed, and hence the defendant would be protected from further claims for damages from the consignees in the event of a recovery against the defendant by the consignor. This is aside from the issue, the sole point for decision by the lower court or by this court being whether or not the petition sufficiently alleged ownership in the consignor, not dependent upon or growing out of the written assignment to him by the consignees, to sustain his right of action for the destruction of the property delivered to the common carrier. It is provided by our code that "a right of action for personal tort" can not be assigned (Civil Code, § 3655); and it is unnecessary to discuss the proposition that a right of action growing out of *any* tort generally can not be assigned in this State. See *Gamble* v. *Central Railroad & Banking Co.*, 80 *Ga.* 595 (7 S. E. 315, 12 Am. St. R. 276); *Central R. Co.* v. *B. & W. R. Co.*, 87 *Ga.* 386, 389 (13 S. E. 520); *Allen* v. *Macon, Dublin & Savannah R. Co.*, 107 *Ga.* 838 (33 S. E. 696). Whatever may be the rule in other jurisdictions, the above rule is clearly fixed by the decisions of our Supreme Court.

No right of recovery, therefore, can be based upon the allegation that John H. Leslie & Company had assigned to the plaintiff all of its rights growing out of the facts alleged in regard to the property destroyed while in the custody of the carrier; and since no distinct, definite, and clear allegation of ownership in the consignor himself can be found in the petition (construing it most strongly against him), and without even considering that the statements made in reference to a transfer from John H. Leslie & Company would imply of themselves that prior to such transfer the right of action, and hence the title to the goods destroyed, was in fact in the consignee and not in the consignor, we think it clear that the trial judge correctly sustained the demurrer and dismissed the petition.

If clear proof of ownership by the consignor is necessary to sustain a suit by him for the loss or destruction of property delivered under an ordinary contract of affreightment to a common carrier, it follows that as a necessary preliminary to the submission of such proof the petition itself must clearly and definitely allege such ownership in the consignor, and, if it fails to do this, should be dismissed where its insufficiency is brought into question by a timely demurrer. Of course, where no demurrer is interposed, and no issue is thus raised as to the ambiguity, uncertainty, or insufficiency of the allegations of ownership in the consignor, the case might proceed to trial, and, upon clear and satisfactory proof of such ownership in the consignor, a verdict in his favor be returned. In this case, however, the uncertainty and ambiguity in the allegations as to the ownership of the property by the consignor and the consequent insufficiency of the petition were objected to by demurrer; and on the failure of the plaintiff to remove the defects thereby pointed out, the court properly declined to allow the case to proceed, and refused to permit counsel to submit testimony to support a necessary allegation not in fact made in the petition.

*Judgment affirmed. George and Luke, JJ., concur.*