ALLEN *et al. v.* TRUST COMPANY OF GEORGIA, executor, *et al.*

PER CURIAM.   Frank T. Ryan. executed his will on January 8, 1907, and died on June 23, 1907.   The portions of the will material to a correct construction of it in deciding this case are as follows:   "Item 2.   I hereby declare and do by this instrument constitute my beloved children, viz., Annie Louise and Paul Ryan, my legal and sole heirs, they to receive equally the entire benefit of my estate; excepting the bequests and specific directions hereinafter made and mentioned in this instrument, for the support and maintenance of my afflicted son, Frank T. Jr., and other bequeaths."   Item 6 directs that the testator's investments in real estate be kept together and intact, "as the same will afford a certain and regular income to support my three children," etc. With the exception of the sale of his residence, the testator directed that "the rest of my real estate remain as it now is, and will be at the time of my death."   Item 7 is as follows:   "I desire, and by this clause most positively direct, that under no circumstances shall my nephews, viz., Charles R., Lewis W., W. H., and David B. Ryan, or any of their issue, receive the slightest benefit from any portion of my estate; only shall my children, and heirs of their body.   Should it happen that my children should die, and that without issue, and there be no heirs of mine remaining, then I direct that the property of my estate remaining shall be kept up as formerly; and after paying the

fixed expenditures, the remainder of the proceeds shall be applied to fitting up and maintaining a room in some of the eleemosynary institutions of the city, such as the Presbyterian Hospital, and others of like character. Said room to be known as the Frank T. Ryan room." Item 14 directs that no appraisement shall be made of the residence and its contents on Woodward Avenue, "which I have designated in my last will and testament as a homestead for my children, they being my only heirs." Prior to the execution of his will the testator, on February 11, 1904, executed a trust deed to his daughter, Annie Louise Ryan, conveying to her a certain lot or parcel of land on the south side of Woodward Avenue, Atlanta, as trustee for Frank T. Ryan Jr., and to her successors in trust forever, in fee simple, "for the sole and separate use, benefit, and support of my said son, Frank T. Ryan Jr. The same is not to be sold for any purpose whatever, but the rents, issues, and profits are to be used by the said trustee in the maintenance and support of said son aforesaid." Item 4 of the will refers to the trust deed, and provides: "As I have set aside in trust the house and lot at 179 Woodward Avenue, that the proceeds of the same may be used for the benefit of my afflicted son Frank T. Jr., and have made his sister Annie Louise his guardian, I hereby devise, and by this instrument direct, that should it become necessary to send my unfortunate son, Frank T. Jr., to an asylum or some sanitarium for safekeeping, and in the event the amount received from the rent of the house and lot at 179 Woodward Avenue is not sufficient to defray his expenses, that my executors substitute the deficiency from the general proceeds of my estate, as it is my earnest desire that he be made comfortable and be properly cared for during his life, as he is wholly incapacitated to protect his interests, or care for himself," etc. Paul Ryan died on November 27, 1909. Frank T. Ryan Jr. died on May 5, 1911. Annie Louise Westhoff (formerly Ryan) died on June 20, 1915. All the above-named children of testator died intestate, leaving no issue. The present petition was filed by the Trust Company of Georgia, as executor of the will of Frank T. Ryan, asking for a construction of it, and for an adjudication as to who was entitled to the residuum of the estate. The following were named as next of kin of Frank T. Ryan, and were made defendants: Charles R. Ryan, Lewis W. Ryan, W. H. Ryan, and David B. Ryan, his nephews; Mrs. Jane W. Allen and William Peeples, his first cousins; and Mrs. Lizzie Horton Hill and a number of others, alleged to be related to Annie Louise Ryan Westhoff on the maternal side, but not related to Frank T. Ryan. Hamilton Douglas was by order made amicus curiæ to advise the court, particularly with reference to any interest any eleemosynary institutions might be entitled to under the will. The case was submitted to the trial judge for decision upon an agreed statement of facts, without the intervention of a jury. He decreed that the nephews of the testator named above were entitled to the entire estate as heirs at law of Annie Louise Westhoff. To this judgment all the relatives named, except the nephews of the testator, excepted. *Held,* that the children of the testator were vested with a fee-simple title to the property in controversy, under the provisions of the Civil Code, § 3661. Therefore Annie Louise Westhoff, who survived

her two brothers and inherited their shares of the estate, at the time of her death held the entire residuum as a fee-simple estate, which passed by inheritance to the four nephews of the testator as her sole heirs at law.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*
No. 458. FEBRUARY 25, 1918.

Petition to construe will. Before Judge Bell. Fulton superior court. May 25, 1917.

*Brewster, Howell & Heyman* and *W. R. Hammond,* for plaintiffs in error. *Anderson & Rountree, Douglas & Douglas,* and *Westmoreland, Anderson & Smith,* contra.