19130. CENTRAL OF GEORGIA RAILWAY CO. *v.* SHIPPEY & BROTHER.

DECIDED JANUARY 15, 1929.

*Little, Powell, Smith & Goldstein, William M. Matthews,* for plaintiff in error.

*J. K. Jordan,* contra.

LUKE, J. J. K. Shippey & Brother, a partnership composed of J. K. Shippey and T. J. Lokey, brought an action against the Central of Georgia Railway Company for damage to certain hogs in course of shipment. After evidence had been introduced, the court directed a verdict for the railway company. A motion for a new trial was sustained, and the defendant excepted.

The petition contained two counts, the first based on the Civil Code (1910), § 2777, and the second on the common law. If a verdict was not demanded for the carrier on both of the two counts, the court erred in directing a verdict for it, and the grant of a new trial was not error.

The bills of lading, representing six cars of hogs, were issued by Central of Georgia Railway Company at Blakely, Ga., to Metcalfe Live Stock Company, each shipment being consigned to "J. K. Shippey & Bro., Atlanta, Ga." Bills of lading for two other cars of hogs were issued to H. L. Wingate at Arlington, Ga., the shipments being consigned to him at Albany, Ga.; but the bills of lading were indorsed, "diverted to J. K. Shippey & Bro., Atlanta, Ga." The bills of lading contained these words: "Duplicate original. Not negotiable."

J. K. Shippey & Brother were commission dealers in live stock.

They would sell stock for others, deduct their commissions and any advances made by them, and remit the balance to their customers. In the present case the shipper attached to the bills of lading drafts on J. K. Shippey & Brother for advances amounting to several thousand dollars. These drafts were paid by J. K. Shippey & Brother in Atlanta the day after the hogs had been delivered to them by the railway company. The consignees paid also the freight on each shipment. The hogs were delivered to the carrier in good condition, but when they were delivered to the consignees in Atlanta, several of them were dead and others damaged.

Section 2777 of the Civil Code (1910), which is a codification of the act of 1906 (Ga. L. 1906, p. 102), is as follows: "Any common carrier, railroad, or transportation company, receiving property for transportation between points wholly within this State, shall issue a receipt or bill of lading therefor, and shall be liable to the holder thereof for any loss, damage, or injury to such property caused by it or by any common carrier, railroad, or transportation company to which such property may be delivered or over whose line or lines such property may pass, and no contract, receipt, rule, or regulation shall exempt such common carrier, railroad, or transportation company from the liability herein imposed: Provided, that nothing in this section shall deprive any holder of such receipt or bill of lading of any remedy or right of action which he has under existing law." The language of the statute is clear, unequivocal, and comprehensive. It was enacted in conformity with the Carmack amendment (*Healh* v. *Sandersville R. Co.*, 23 *Ga. App.* 255, 98 S. E. 92), and, indeed, is in the very words of that amendment, except in so far as its verbiage is changed to make it apply to intrastate shipments.

It has been held that where the seller in interstate commerce ships merchandise to his own order, and a through bill of lading providing that the purchaser be notified is attached to a draft for the value of the shipment, and the purchaser pays the draft, secures the bill of lading, and takes possession of the shipment, the purchaser, as holder of the bill of lading, may maintain an action for damages against the last connecting carrier where an injury to the shipment has been caused by the negligence of the carrier before the purchaser acquired title to the shipment. *A. C. L. R. Co.* v. *Murray*, 162 *Ga.* 589 (134 S. E. 171), based on *Central of Ga. Ry.*

*Co.* v. *Yesbik,* 146 *Ga.* 769 (92 S. E. 527), *So. Ry. Co.* v. *Morris,* 147 *Ga.* 729 (95 S. E. 284), and Penn. R. Co. *v.* Olivet, 243 U. S. 574 (37 Sup. Ct. 468, 61 L. ed. 908).

Though the *Murray* case, supra, involved an interstate shipment, it would appear to be excellent persuasive authority in construing section 2777, supra. It is contended, however, that Shippey & Brother could not recover, for the reason that they had no title or interest in the hogs at the time they were damaged, and the case of *Delgado Mills* v. *Ga. R. &c. Co.,* 144 *Ga.* 175 (86 S. E. 550), was cited to sustain this contention. The case cited was a common-law action, differing widely from the case at bar in its facts, and the decision therein does not in principle control the statutory count in the present action. Our conclusion is that under the facts of the case at bar, the consignee, as the holder of the bill of lading, had the right to sue under the statute, and that the evidence did not demand a verdict for the railway company on the first count.

Since our ruling upon the first count of the petition sustains the judgment of the trial court granting the motion for a new trial, and the case will be for trial again, we shall not determine whether or not a verdict for the carrier was demanded on the common-law count of the petition. We are of the opinion, however, that the law of Georgia controlling the second count is correctly stated in the case of *So. Ry. Co.* v. *Miko,* 136 *Ga.* 273 and 274 (71 S. E. 241, 36 L. R. A. (N. S.) 68), as follows: "The consignee of property delivered by another to a common carrier for shipment is presumed to be the owner, and presumptively a right of action exists in his favor for any injury or damage to the property in transit; but the presumption that the consignee is the owner may be rebutted, and where it appears that the consignee has no general or special property in the goods shipped, and incurs no risk in their being transported, he can not maintain an action ex delicto for the loss of, or for any damage to the property." See also *Allen* v. *So. Ry. Co.,* 33 *Ga. App.* 209 (126 S. E. 722), and 4 R. C. L. 942, 398, where the foregoing rule is stated. See also Grinnell-Collins Co. *v.* Illinois Central R. Co., 109 Minn. 513 (124 N. W. 377, 26 L. R. A. (N. S.) 437), where the Minnesota Supreme Court held that: Where property is consigned to a commission merchant for sale, without any previous contract or any advances made to the shipper, the consignee acquires no general or special ownership in

the property before its delivery to him, and can not maintain an action to recover for damage to the property in transit. Of course, it would have to appear that the consignee was legally interested in the property at the time the injury thereto was committed. Civil Code (1910), § 5517; *Delgado Mills* v. *Ga. R. &c. Co.*, 144 *Ga.* 175 (86 S. E. 550).

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*