23155. BLACK *v.* SOUTHERN RAILWAY COMPANY.

446

DECIDED JANUARY 29, 1934. REHEARING DENIED FEBRUARY 23, 1934.

*Sam Kimzey,* for plaintiff.

*E. J. Kimsey, McMillan & Erwin, Wheeler & Kenyon,* for defendant.

JENKINS, P. J. 1. While it is true that, under section 5517 of the Civil Code (1910), "an action for a tort must, in general, be brought in the name of the person whose legal right has been affected, and who was legally interested in the property at the time the injury thereto was committed," especially where an action is founded on a direct invasion of some legal right such as a suit in trover or for trespass, an exception exists, as set forth in section 4408 of the Civil Code (1910), that, "if the tort results from the violation of a duty, itself the consequences of a contract, the right of action is confined to the parties and privies to that contract, except in cases where the party would have had a right of action for the injury done, independently of the contract." Thus, "where the complaint is grounded upon negligence in performance of the duties imposed by [a] contract of shipment, and, therefore, while not based upon the contract, but in tort, is necessarily founded and grounded upon the obligations assumed under the specific contract by the contracting parties thereto, the maker of the contract is the one to complain of negligence in its performance rather than some other person not a party to the agreement. The defendant having contracted with the plaintiff for the performance of certain duties, it does not lie in defendant's mouth to say that the plaintiff can not complain of defendant's negligence in performance of the duties imposed by the contract;" and then the general rule that title to the damaged property must lie in the plaintiff does not apply. "The theory upon which such a suit is justified is that inasmuch as the primary right of action is in the party making the contract, he must maintain the action, even though in doing so he may be treated as a trustee to hold the recovery for the person actually entitled thereto;" and "he can not be deprived of his right to complain, even though the alleged real owner of the property might be entitled to maintain another and different cause of action upon a

tort, independent of the contract of affreightment." *Strachan Shipping Co.* v. *Hazlip-Hood Co.,* 35 *Ga. App.* 94 (3), 102-104 (132 S. E. 454). The right of a consignor to sue in contract upon the bill of lading, even though without title or property in a shipment of goods, has been long established beyond question. *Atlantic Coast Line R. Co.* v. *Meinhard,* 133 *Ga.* 684 (66 S. E. 897), and cit.; *Carter* v. *So. Ry. Co.,* 111 *Ga.* 38 (36 S. E. 308, 50 L. R. A. 354) ; *So. Ry. Co.* v. *Maddox,* 7 *Ga. App.* 650 (67 S. E. 838) ; *So. Ry. Co.* v. *Johnson,* 2 *Ga. App.* 36 (3) (58 S. E. 333).

2. A consignee who actually is without any special or general property in goods consigned to him, and who therefore incurs no risk from their transportation, can not maintain against the carrier an action ex delicto for loss of or damage to the goods in transit. But the consignee of property delivered by another to a common carrier for shipment is presumed to be the owner, and presumptively a right of action exists in his favor for any injury or damage to the property in transit. This presumption, however, may be rebutted, and where it is successfully rebutted the consignee can not maintain an action ex delicto for the loss of or for any damage to the property. There are many cases holding that though the consignee may not be the real owner, if he has a special interest in the property shipped, he may maintain an action for the loss, or for any damage to such property in transit, and in such action may have a recovery of the full value of the property where lost, or full amount of damages to the property where it is injured. The ownership may not be extensive, and an agent, factor, broker, bailee, or other person having rights in the property to be protected may maintain an action, and recover both for himself and the general owner. *So. Ry. Co.* v. *Miko,* 136 *Ga.* 272, 274 (71 S. E. 241, 36 L. R. A. (N. S.) 68) ; *Allen* v. *So. Ry. Co.,* 33 *Ga. App.* 209 (126 S. E. 722).

3. Under the foregoing rulings, where the plaintiff, being both the consignor and the consignee of an interstate shipment of apples under a bill of lading, brought an action against the carrier for damage to the property in transit, and upon being required by the court to elect whether he was proceeding under his petition upon the contract or in tort, elected to treat the action as one in tort arising from the breach of public duty imposed upon the defendant as a common carrier, *growing out of the contract,* the disclosure from

448

evidence of the plaintiff that, prior to the shipment of the apples in question, he had executed to third persons a bill of sale and assignment covering his entire crop of apples, to secure a $1200 indebtedness, which had not been fully paid, would not alone defeat the plaintiff's right of action. As consignor, being a party to the contract, he had the right to sue in tort for the violation of a duty imposed under the contract, regardless of his title or interest in the property. As consignee, his right to sue in tort would not be defeated if he had either a general or a special property in the goods consigned to himself, or incurred risk from their transportation. If he held a special property or interest in the shipment, he did not lose his right of action, but could recover both for himself and for the general owner. Under the legal presumption stated, that he, as consignee, had such an interest as would support his right of action, the existence in him of a special property or interest in the apples shipped was not negatived by evidence merely that he had mortgaged or executed a bill of sale to the crop to secure a debt, which had not been fully paid, the evidence further indicating that he remained in possession and control with an apparent right to dispose of the property. No question is raised as to the right to recovery in tort by the holder of a bill of lading, even though he has no property in the shipment, under section 2777 of the Civil Code (1910), covering intrastate shipments, or the Federal law covering interstate shipments; the right of recovery by such a holder in the former instance having been sustained in *Central of Georgia Ry. Co.* v. *Shippey,* 39 *Ga. App.* 94 (1, a), 96, 97 (146 S. E. 343).

4. The court erred in granting a nonsuit "on the ground that the evidence adduced does not show a right in the plaintiff to recover." *Judgment reversed. Stephens and Sutton, JJ., concur.*