### 35979. OVERSTREET *v.* RHODES *et al.*

FELTON, C. J.  1. In an action by a landlord to recover rent wherein the tenants defended on the ground that there was a constructive eviction because of the failure of the landlord to repair structural defects in the premises which rendered them too dangerous for use and occupancy and constituted a breach of the lease, and there was no demurrer to the answer raising the question that the failure on the part of the landlord to repair would not constitute a breach of the lease unless making the repairs would unreasonably interrupt the business of the tenant, the landlord cannot for the first time raise such question in this court in his brief. *Mobley* v. *Russell,* 174 *Ga.* 843 (5) (164 S. E. 190); *Georgia Power Co.* v. *Tolbert,* 43 *Ga. App.* 328 (158 S. E. 760).

2. A provision in a lease requiring written notice by tenants to a lessor of defects which the lessor was bound to repair is waived by the lessor when oral notice of the defects is given and the lessor acts on such notice either in whole or in part without insisting on written notice, and especially is this true if the defects are actually shown to the lessor or authorized agent. The provision in the lease that no custom or practice of the parties at variance with the terms of the lease would constitute a waiver of the lessor's right to demand exact compliance with the terms of the lease does not prevent the waiver of oral notices in specific instances but simply means that prior waivers would not obligate the lessor to give notice that he would in the future demand strict compliance in order to enable him to insist on a strict compliance.

3. The court did not err in admitting testimony as to oral notice of defects in the roof and roof sheathing to the lessor and as to the repair of the roof in response to the oral notice without repair to the defective sheathing.

4. The court did not err in charging the jury that if the lessor responded to oral notices of defects by taking some action in relation to them in repairing the defects or defects closely connected with those of which notice was given, he would be bound by the oral notices.

5. The evidence supported the jury verdict and finding for the defendants that oral notice was given to the lessor as to the undermining of the foundation of the building and that an unsuccessful effort was made by the lessor to remedy the defect in response to the notice; also that oral notice was given of the defective condition of the sheathing and that the roofing alone was repaired in response to such notice; and that the defects not repaired rendered the building unsafe for occupancy and use by the tenant and amounted to a constructive eviction.

The court did not err in denying the plaintiff's motion for a new trial and his motion for a judgment notwithstanding the verdict.

*Judgments affirmed. Quillian and Nichols, JJ., concur.*

Decided January 24, 1956—Rehearing denied February 17, 1956.

*Wm. G. Grant, Robert W. Spears,* for plaintiff in error.

*Fisher, Phillips & Allen, T. Charles Allen,* contra.