### 40857. BIG APPLE SUPER MARKET OF PEACHTREE, INC. v. W. J. MILNER & COMPANY.

HALL, Judge. The trial of this case resulted in a verdict for the plaintiff, and the defendant assigns error on the trial court's judgments overruling general and special demurrers to the plaintiff's petition and the defendant's motions for new trial and for judgment notwithstanding the verdict.

The petition of the plaintiff, W. J. Milner & Company, sought recovery against Big Apple Super Market of Peachtree, Inc., for damages to personal property located in premises leased under an agreement with the defendant, alleging that negligence of the defendant lessor caused water from the air conditioning, water and sewer systems under the defendant's control to flood the premises on October 22, 1959, and damage the personalty. The defendant's answer admitted that the plaintiff leased the premises from the defendant (whose correct name was Big Apple Super Markets of Peachtree, Inc.) but alleged that the parties to the lease, attached to the answer as Exhibit A, were Big Apple Super Markets, Inc., and W. J. Milner & Co., Inc., and the correct names of the parties to the lease were the names of the parties to this suit. Exhibit A to the answer was a lease between Big Apple Super Markets, Inc., and W. J. Milner & Co., Inc., showing that it was for a term beginning on October 15, 1957, and ending on October 14, 1959.

At the trial the plaintiff's president identified "Plaintiff's Exhibit D-1" as "a lease between Big Apple Super Markets and W. J. Milner & Company" that was in force at the time of this incident. The record does not show that the lease thus identified was introduced in evidence by either party. The defendant's counsel cross examining the plaintiff's president handed him a "piece of paper" which the witness stated was the lease the plaintiff entered into with the defendant. The witness testified (appearing to read from the "piece of paper") : ". . . as the lease states, the lessor agrees to keep in good order the roof, exterior walls, exclusive of all glass, including plate glass, and heating, water, sewer, electrical and sprinkler systems, if any, but not the fixtures pertaining to such systems. That is the point that seems to me important—that the lessor, the Big Apple, agreed to keep in good order the sewage and water systems. That's important to me. Lessor

gives to lessee exclusive control of the premises and shall be under no obligation to inspect such premises. Lessee shall at once report, in writing, to lessor any defective condition known to him and which lessor is required to repair and failure to report such defect—shall make lessee responsible to lessor for any liability incurred by lessor by reason of such defect." The defendant's executive vice-president and general manager identified "Defendant's Exhibit 1" as a lease between Big Apple Super Markets, Inc., and W. J. Milner & Co., Inc. The defendant introduced "Defendant's Exhibit 1" in evidence, which was identical to Exhibit A to the defendant's answer.

In charging the jury the trial court gave instructions concerning provisions of the lease that was included in the pleadings and evidence.

The state of the record of the case in this court is as follows: The plaintiff's evidence showed that there was a written lease in force, and what some of the terms of the lease were. The defendant introduced a written lease in evidence that on its face showed it expired before the happening of the incident from which this suit arose. The defendant did not introduce evidence to prove that the term of the lease, "Defendant's Exhibit 1" had been in some manner extended beyond the expiration date shown on its face. *Held:*

■ One of the grounds of the motion for judgment notwithstanding the verdict was that paragraph 12 of the lease (Defendant's Exhibit 1) provided that the lessee should indemnify the lessor against claims for damages by reason of the use or occupancy of the premises. Since the defendant did not prove that the lease containing this provision was in effect between the parties at the time the flooding and damage occurred, the trial court did not err in overruling this ground and special grounds 12 and 13 of the motion for new trial.

■ In other grounds of the motion for judgment notwithstanding the verdict the defendant contends a verdict was demanded for the defendant because provisions of the lease between the parties relieved the lessor of the obligation to inspect the premises and required the lessee to give the lessor written notice of a defective condition known to the lessee which the lessor was required to repair, and failure to so report such defects made the lessee liable to the lessor for any liability incurred by lessor by reason of such defects; and the uncon-

tradicted evidence was that no written notice was ever given the defendant of any defect. This petition was brought as an action in tort based on the landlord's duty to the tenant to keep the premises in repair. *Code* § 61-111; *Lewis & Co. v. Chisholm,* 68 Ga. 40, 46; *Shehane v. Eberhart,* 30 Ga. App. 265, 266 (117 SE 675). A written lease was not an essential element of the plaintiff's cause of action. The defendant's president testified that there was a written lease in force covering the premises where the water damage occurred, and the terms of the lease stated by him qualified the duty of the landlord prescribed by law in providing: "Lessor gives to lessee exclusive control of the premises and shall be under no obligation to inspect the premises. Lessee shall at once report, in writing, any defective condition known to him and which the lessor is required to repair. . ." Under this provision the lessor had no duty to inspect the leased premises to discover the need for repairs *in the leased premises* until the lessee notified it of a defect in the leased premises. This provision would not change the lessor's duty to keep safe parts of the realty not included in the leased premises and of which it retained possession and control. The landlord in the management of that part of the building which belongs to his special supervision and care, must exercise reasonable care not to injure a tenant, and is liable for his negligence causing injury to the tenant. 32 Am. Jur. 553, 624, §§ 684, 746; Ann. 26 ALR2d 1044, 1057, 1059.

The evidence in this case was sufficient to support the plaintiff's allegations that a defect in the air conditioning system that was outside the leased premises caused water to overflow from the air conditioning system into the leased premises and that the sewer system was inadequate to drain the building of the overflowing water. Under the lease provisions stated above the lessee was not required to notify the lessor of a defect in the air conditioning equipment outside the leased premises. *Florence v. Northcutt,* 145 Ga. 265, 267 (88 SE 933). See Ann. 28 ALR 1525, 1528. And the evidence did not show that such a defect was known to the lessee. It did show that the lessee observed a malfunction that was symptomatic of some defect in the water and sewer systems; the plaintiff at about 4 p.m. the day before the flooding was discovered at 8 a.m., notified the defendant that "water was bubbling up and down in the floor drains and toilets," and

the secretary of the defendant's president told him that it would be taken care of immediately. If we assume that some part of the water and sewer system that was defective and contributed to the damages was in the leased premises, whereby the lessee had first to comply with the notice requirement of the lease before the lessor had a duty to take action to discover or repair this defect, it could be found from the evidence in this case that the notice given by the lessees to the lessor by telephone was a better means and more effective than a written notice could have been to give the lessor an opportunity to take action to prevent damages from the malfunction reported by the lessee, and that therefore written notice would have been of no value and was not necessary to place upon the lessor a duty to take some action. Accord *Atlanta Title &c. Co. v. Allied Mortgage Co.*, 60 Ga. App. 114, 117 (3 SE2d 127). The fact of the notice given would authorize a finding that the lessor knew or should have known of a defective condition that needed repair. The evidence, therefore, presented an issue of fact whether the defendant was negligent as alleged in the petition. *Davis v. Hall*, 21 Ga. App. 265, 268 (94 SE 274) ; *Crossgrove v. Atlantic C. L. R. Co.*, 30 Ga. App. 462, 465 (118 SE 694). Accord *Overstreet v. Rhodes*, 93 Ga. App. 422 (91 SE2d 863), reversed on other grounds, 212 Ga. 521 (93 SE2d 715) ; 32 Am. Jur. 628, § 746.

For the reasons stated above, the trial court did not err in overruling special grounds 4, 5, 6, 7, 9, 14, 24, 25, 27, 28, 29, 30 and 31 of the defendant's motion for new trial.

It was not disputed that there was an agreement establishing the relation of lessor and lessee between the parties and there was conflicting evidence on the questions of the defendant's negligence and the plaintiff's damages. The trial court did not err in overruling the defendant's motion for judgment notwithstanding the verdict and the general grounds of the motion for new trial.

The defendant argues that its general demurrer should have been sustained because the petition alleged that the leased premises were flooded with water overflowing from the building's water and sewer systems which were under the defendant's control; that the day before this flooding the plaintiff had notified the defendant that "water was bubbling up and down in the floor drains and toilets"; and that the plain-

tiff's damage was caused by water overflowing from the air conditioning system; and that these allegations did not show that the damage was caused by the defect reported by the plaintiff to the defendant.

The petition alleges that the plaintiff gave notice to the defendant as stated above, and that the secretary of the defendant's president stated to the plaintiff's office manager that the difficulty would be attended to and remedied immediately; that the following morning the entire warehouse floor was flooded with water due to the overflowing of the building's water and sewer systems; that because the sump float valve did not function properly the water cabinet or sump attached to the air conditioning system overflowed and allowed a great volume of the water to escape into the portion of the building occupied by the plaintiff, causing the damage complained of, and that the sewer system of the building was inadequate to drain the building of the overflowing water. These allegations show that the plaintiff gave notice to the defendant that the water system was not functioning properly, and do not show that notice was given of a specific defect. Furthermore, the petition alleged that the "water system includes the plumbing and air conditioning facilities." The decisions relied on by the defendant, therefore, that notice to the landlord of a separate and independent defect, in no way connected with the defect that causes injury, does not place a duty on the landlord to give attention to the latter, are not applicable. See *Gibson v. Littlejohn,* 67 Ga. App. 597, 599 (21 SE2d 248) and cases therein cited. The trial court did not err in overruling the general demurrer.

It follows from the above discussion that the court did not err in overruling ground 10 of the motion for new trial complaining of a charge concerning notice to the landlord of a defect in the premises.

The trial court did not err in overruling the defendant's special demurrers on the ground that the acts and omissions of the defendant alleged as specifications of negligence were not negligence as a matter of law and that some of the allegations were conclusions not supported by the allegations of the petition. The petition as a whole created issues whether the defendant in fact committed the alleged acts and omissions and, if so, whether such acts or omissions were in fact negligence.

■ Special ground 8 of the defendant's motion for new trial complains of an instruction to the effect that the plaintiff's possession of personal property owned by another would give the plaintiff the right to bring suit for damages to the property. The evidence showed that the plaintiff was the bailee of some of the property for which it claimed damages, holding the property as consignee of other firms. A bailee may bring an action for damages to property in his possession and recover the full damages and hold the balance beyond his special interest, for the bailor. *Marietta Ice &c. Co. v. Western &c. R. Co.,* 24 Ga. App. 725 (102 SE 182); *Southern Bonded Whse. Co. v. Roadway Express, Inc.,* 104 Ga. App. 458 (122 SE2d 147). Accord *Mitchell v. Georgia &c. R. Co.,* 111 Ga. 760, 766 (36 SE 971, 51 LRA 622); *Southern R. Co. v. Miko,* 136 Ga. 272, 273 (71 SE 241, 36 LRA(NS) 68).

■ Ground 11 complains of a charge to the effect that if the jury should find that the plaintiff had knowledge that water was bubbling up and down in the toilets and drains when its employees left the warehouse the day before the flooding "then as to any damages resulting from toilets and drains, the damages might be mitigated in accordance with the degree of negligence attributable to" the plaintiff and the defendant, "this being a matter—exclusive matter for the jury to determine. If you determine the plaintiff acted with due care after discovering the question of the water, or the bubbling up of the water, it goes to the question of mitigating damage which the court shall presently charge you." Thereafter the court gave the following related instructions: "I further charge you after the plaintiff discovered its materials were being damaged by water, it was the duty of the plaintiff to mitigate the damages by supplying the necessary materials and labor for that said purpose. . . I further charge you that in the event you should find the defendant was negligent but that plaintiff could have avoided the consequences of defendant's negligence by the exercise of due care under the rules of law I have given you in charge, then in that event it would be your duty to return a verdict in favor of the defendant."

The defendant, citing *Augusta-Aiken R. &c. Corp. v. Collins,* 18 Ga. App. 303 (89 SE 444), contends that the court's use of the word "might" rather than "must" in the excerpt quoted above made the charge incorrect as a matter of law and would confuse and mislead the jury to think that it was not manda-

tory but in their discretion to apportion damages in the event they found the facts as stated in the excerpt. Considering the charge as a whole, we do not believe that the jury was misled as contended by the defendant or that the defendant was harmed by the instruction complained of. *Savannah, Thunderbolt & Isle of Hope R. v. Beasley,* 94 Ga. 142 (21 SE 285); *Chandler v. Alabama Power Co.,* 104 Ga. App. 521, 530 (122 SE2d 317); *Harris v. Cates,* 105 Ga. App. 178, 182 (123 SE2d 703); *State Hwy. Dept. v. Cochran,* 108 Ga. App. 61, 62 (131 SE2d 802).

The defendant's answer raised the issue that the plaintiff was precluded from recovery because by the exercise of ordinary care it could have avoided the consequences of any negligence of the defendant, but did not raise the distinct issue of apportionment of damages based upon comparison of negligence of the plaintiff and the defendant. See *Underwood v. Atlanta &c. R. Co.,* 105 Ga. App. 340, 361 (124 SE2d 758), reversed on other grounds, 218 Ga. 193 (126 SE2d 785). When the issue of reducing damages under the doctrine of comparative negligence is not raised by the pleadings, the court's omission to give an instruction on this issue, in the absence of a proper request therefor, will not necessitate a reversal where the law on the subject of negligence as it affects the plaintiff's right to recover, and the right of the defendant to have a verdict rendered in his favor, has been substantially and fairly submitted to the jury. *Western &c. R. Co. v. Smith,* 145 Ga. 276 (5) (88 SE 983); *Powell v. Berry,* 145 Ga. 696 (5) (89 SE 753, LRA 1917A 306); *City of Commerce v. Bradford,* 94 Ga. App. 284, 297 (94 SE2d 160).

The trial court did not err in overruling ground 11.

■ Grounds 15 and 16 complain of the court's sustaining objections to certain questions asked by defendant of the plaintiff's witness on cross examination. In light of all the evidence it does not appear that the defendant was harmed by the court's rulings or that the trial court abused its discretion in controlling the right of cross examination. *Western &c. R. Co. v. Burnett,* 79 Ga. App. 530, 532 (54 SE2d 357). The holding in *Harrison v. Regents of University System of Ga.,* 99 Ga. App. 762, 766 (109 SE2d 854) in which the trial court denied cross examination of witnesses on their testimony as to their experience and qualifications, is not applicable to these grounds.

■ Ground 17 complains of the admission of testimony of plain-

tiff's witness, that approximately a year after the flooding and damage he found a valve in the air conditioning system defective. It was not error to admit this testimony over the defendant's objection that it did not show the condition of the equipment at the time of the damage, a year earlier. Where the relevancy or competency of evidence is doubtful, it should be admitted and its weight left to the determination of the jury. *Lovejoy v. Tidwell,* 212 Ga. 750 (95 SE2d 784). The admissibility of evidence relating to facts remote in point of time rests largely in the discretion of the trial court. 20 Am. Jur. 243, § 249; 2 Wigmore on Evidence 416, § 437, note 8; American Law Institute, Model Code of Evidence, 180, Rule 303; Reading Co. v. Geary, 47 F2d 142 (4th Cir. 1931). Accord *Comer Co. v. Joyner,* 32 Ga. App. 661 (124 SE 356).

■ The defendant did not argue ground 18 in its original brief, but on motion for rehearing cites *Cone v. Davis,* 66 Ga. App. 229 (17 SE2d 849), and *Central of Ga. R. Co. v. Brower,* 106 Ga. App. 340 (127 SE2d 33), in support of its contention that a witness' answer to a hypothetical question, giving his opinion upon assumptions of facts stated in the question, as to where the water that flooded the warehouse came from, was inadmissible because it gave an opinion on one of the ultimate questions to be decided by the jurors. The cases cited hold that an expert witness cannot give an opinion on the issue of negligence or as to facts of common knowledge which every juryman would know, and are not applicable to this testimony.

The trial court did not err in overruling ground 18.

■ Grounds 19 through 23 complain of the admission in evidence of assignments of claims for damages to goods located in the plaintiff's premises, from the consignors of the goods to the plaintiff who had possession of them as consignee. The defendant's objections to the assignments contended that their proper execution was not proved and that they were invalid for other reasons. As between the plaintiff and the defendant in this suit the plaintiff was entitled to recover as a bailee for damages to the consignors' property (see Division 4), whether or not their claims were assigned to him. The grounds do not show that the admission of the assignments, even if we assume their validity was not proved, was harmful to the defendant.

■ Special grounds 32 through 36 complain of the following

charge: "If it (plaintiff) shows that the defendant was negligent in one or more of the particulars set forth in the petition, and that such negligence was the proximate cause of the plaintiff's injury, and if the plaintiff is otherwise entitled to recover under the rules of law I shall give you in charge, then the plaintiff could recover such damages in this case as you would assess under the rules regulating damages which I shall hereafter give you in charge." The defendant contends that this charge was error because there was no evidence to support some of the plaintiff's allegations of negligence. This contention was rejected in *Georgia Hydratane Gas, Inc. v. White,* 110 Ga. App. 826 (140 SE2d 129).

The contention in ground 37, that the above quoted charge amounted to an expression of the court's opinion that the plaintiff's allegations of negligence if proved would be negligence, when this was a question of fact to be decided by the jury, has also been decided adversely to the defendant. See *Dowis v. McCurdy,* 109 Ga. App. 488, 491 (136 SE2d 389), application for certiorari dismissed, 220 Ga. 415 (139 SE2d 294). *General Gas Corp. v. Whitner,* 110 Ga. App. 878 (140 SE2d 227).

Ground 38 complains that an instruction that only a reasonable sum could be awarded for labor and materials necessary for salvaging damaged property, and that after the plaintiff discovered property was being damaged by water it was its duty to mitigate damages by supplying the necessary materials and labor for that purpose. The defendant contends that this was an expression of the court's opinion on the propriety of the plaintiff's claimed expenditures to mitigate damages, which was a question of fact to be decided by the jury, particularly in view of the defendant's contention that the plaintiff could have mitigated damages by turning off the water or by calling a plumber. We do not believe a reasonably intelligent jury would have inferred from this excerpt, in context with the rest of the charge, that it was the court's opinion that the jury should approve the plaintiff's contended expenditures to mitigate damages. The excerpt was not objectionable as contended by the defendant, particularly in view of the instruction that if the defendant was found negligent but the plaintiff could have avoided the consequences of the defendant's negligence by the exercise of due care, it would be the jury's duty to return a verdict for the defendant. *General Gas Corp. v. Whitner,* 110 Ga. App. 878, supra.

The trial court did not err in overruling the special grounds of the motion for new trial.

*Judgment affirmed. Nichols, P. J., and Russell, J., concur.*

Decided January 6, 1965—Rehearing denied March 10, 1965.

*Arnall, Golden & Gregory, H. Fred Gober,* for plaintiff in error. *Scott, Scroggins, Cash & Crim, Frank W. Scroggins, Frank T. Cash,* contra.