### ROSS, guardian, *v.* JACKSON.

A landlord is liable to one lawfully present on the rented premises, by invitation of the tenant, for injuries arising from defective construction, or from failure to keep the premises in repair, where the defect is known to the landlord or in the exercise of reasonable diligence could have been known, and the injured person was himself in the exercise of due care.

Argued June 29, — Decided August 3, 1905.

Action for damages. Before Judge Hodges. City court of Macon. October 1, 1904.

A suit for damages was instituted by Mary O. Jackson against Laura B. Johnson, the plaintiff having received personal injuries while attempting to cross a porch connecting two of the rooms of a house belonging to the defendant and rented by her to a tenant. The plaintiff alleged, that she was lawfully upon the premises at the invitation of the tenant, and was at the time in the exercise of due care; that the flooring of the porch suddenly gave way, causing her to fall to the ground beneath, and she sustained permanent injuries. She complained that the defendant was negligent "by reason of the fact that said house, and the flooring, particularly where petitioner fell through, was defectively constructed and defectively maintained, and she was negligent in not repairing the same so as to make it safe and sound. Her negligence consisted further in the fact that she made no inspection of this floor and its underpinning and its condition, as it was her duty to do, and allowed the same to become weak and rotten and to fall through as stated ; and she was negligent in allowing said floor to be built there in a most unworkmanlike manner and in a weak and defective manner, and in allowing the same to be

built and remain there without being supported by proper joists and props and underpinning." Subsequently to the filing of the petition, John P. Ross, who had been appointed guardian of Laura B. Johnson, was made a party defendant to the action. As such guardian he demurred to the petition, on the grounds, (1) that no cause of action was set forth; (2) that the allegations made respecting the defective construction of the house and the failure of the landlord to keep it in repair were not sufficiently full and explicit; and (3) that the plaintiff did not allege that the landlord had any notice or knowledge of the defects alleged to have existed in the floor of the house. The demurrer was overruled, and the defendant excepted.

*John P. Ross*, for plaintiff in error.
*Marion W. Harris*, contra.

EVANS, J. (After stating the facts.) A landlord is not an insurer, but he is under a legal duty to keep the rented premises in repair, and is liable in damages to a person who receives injury while lawfully upon the premises and who is in the exercise of due care, if the injury arises because of the defective construction of a building erected on the premises by the landlord, or because of his failure to repair defects of which he knows or in the exercise of reasonable diligence ought to know. Civil Code, § 3118; *Ocean Steamship Co.* v. *Hamilton,* 112 *Ga.* 901; *Stack* v. *Harris,* 111 *Ga.* 149. A tenant is entitled to exclusive occupancy during the term of the tenancy, and it is his duty, if the premises get out of repair, to notify the landlord of their defective condition. The landlord is under no duty to inspect the premises while the tenant is in possession, in order to keep informed as to their condition. The petition filed in the present case alleged that the landlord was negligent in allowing the floor of the porch to be built in a most unworkmanlike manner, and in a weak and defective manner, and in allowing the same to be built and remain without being supported by proper joists, props, and underpinning. In effect, this is a statement that the floor was defectively constructed by the landlord. No fair inference can be drawn that it was built by a predecessor in title of the landlord. The allegation is that she was negligent in allowing the floor to be built in such an unworkmanlike manner and in allowing it to remain in its unsafe condition. If at the time of its original construction she had no

interest in the premises, she would not, of course, be responsible for the unworkmanlike way in which the porch was built. The liability of a landlord for defective construction exists only in cases where the structure is built by him in person or under his supervision or direction. If a building were defectively constructed by a predecessor in title, and the landlord knew or by the exercise of reasonable diligence could have known of its improper construction before the tenancy was created, he would be answerable to the tenant, or to any one lawfully on the premises by invitation of the tenant, for injuries sustained by reason of his failure to put the premises in a safe condition, if the person sustaining the injuries could not have avoided the same by the exercise of ordinary care. Construing the petition, then, as alleging that the porch was built in an unworkmanlike, weak, and defective manner by the landlord, and that the plaintiff was injured because of the landlord's negligence in this respect, a cause of action was set forth, and there was no merit in any of the grounds of the demurrer.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*