### 12048.  McGEE *v.* HARDACRE.

JENKINS, P. J.  1. A landlord is not liable for injuries to his tenant aris-
ing from a patent defect in the premises, existing at the time of the
lease, and of which the tenant knew or had means of knowing, equal to
those of the landlord, unless the rent contract stipulates to the contrary.
*Henley* v. *Brockman*, 124 *Ga*. 1059 (5), 1063 (53 S. E. 672); *Aiken* v.
*Perry*, 119 *Ga*. 263 (46 S. E. 93); *Driver* v. *Maxwell*, 56 *Ga*. 12; *Wil-
liams* v. *Jones*, 26 *Ga*. *App*. 558   (106 S. E. 616).  Nor is a landlord
liable for injuries to his tenant arising from latent defects unknown to
the tenant. existing at the time of the lease, unless the landlord actually
knew, or by the exercise of ordinary care on his part might have known,
of their previous existence. *Ross* v. *Jackson*, 123 *Ga*. 657 (51 S. E.

578); *Ocean Steamship Co.* v. *Hamilton,* 112 *Ga.* 901, 904 (38 S. E. 204).

2. There being no duty of inspection on the part of the landlord for the purpose of discovering defects arising subsequent to the time of the lease, the landlord is not liable for injuries to his tenant resulting from patent or latent defects arising subsequent to the time of the lease, unless he had actual knowledge of them, or had been notified by the tenant of such defects, and had failed to make repairs in a reasonable time, and the tenant could not have avoided the injuries resulting therefrom, by the exercise of ordinary care on his own part. *Veal* v. *Hanlon,* 123 *Ga.* 642 (2, 3) (51 S. E. 579); *Johnson* v. *Collins,* 98 *Ga.* 271, 273 (26 S. E. 744); *Donehoe* v. *Crane,* 141 *Ga.* 224 (80 S. E. 712); *Ball* v. *Walsh,* 137 *Ga.* 350 (73 S. E. 585); *Ledbetter* v. *Gibbs,* 19 *Ga. App.* 485 (2) (91 S. E. 875).

3. Notice by a tenant of the existence of a patent defect existing at the time of the lease would not devolve upon the landlord any duty of inspection or repairs; but where the notice is not thus limited, but is general in its nature, to the effect that a specified portion of the premises is out of repair, and the landlord fails in a reasonable time to make the repairs, he is chargeable with notice of all the defects that a compliance with such notice might have disclosed, and may be liable in damages for injuries resulting from a hidden defect which would have been thus discovered. *Stack* v. *Harris,* 111 *Ga.* 149, 151 (36 S. E. 615); *Roach* v. *LeGree,* 18 *Ga. App.* 250, 252 (89 S. E. 167); *Alexander* v. *Owen,* 18 *Ga. App.* 326 (89 S. E. 437); 20 R. C. L. 346.

4. In the instant case the fact that the steps were "springy," on account of the supporting timbers being placed too far apart, appears, from the petition as originally filed, to have been a patent defect existing at the time of the lease; but under the petition as amended the notice to the effect that the steps were out of repair and "needed fixing" was not limited to such specific defect, and consequently the petition as amended should not have been dismissed on demurrer.

*Judgment reversed. Stephens and Hill, JJ., concur.*

DECIDED JUNE 6, 1921.

Action for damages; from Bibb superior court — Judge Malcolm D. Jones. December 23, 1920.

*Miller & Garrett, H. D. Russell,* for plaintiff.

*Ryals & Anderson,* for defendant.