### 15100. GODARD *v.* PEAVY.

JENKINS, P. J. 1. There is no duty of inspection resting upon the landlord to discover defects arising subsequent to the time of the lease, and his duty to repair arises only on notice by the tenant of the existence of such defects, or by virtue of actual knowledge by the landlord of their existence. A landlord is not liable for injuries to his tenant arising from patent defects existing at the time of the lease, of which the tenant knew or had equal means of knowing. Nor is the landlord liable for injuries to the tenant on account of latent defects existing at the time of the lease, which he might have discovered by an inspection not required of him by law, unless he actually knew, or by the exercise of ordinary care might otherwise have known, of their existence. *McGee* v. *Hardacre,* 27 *Ga. App.* 106 (107 S. E. 563), and cit. The liability of the landlord for injuries occasioned by defects in construction "exists only in cases where the structure is built by him in person or under his supervision or direction." *Ross* v. *Jackson,* 123 *Ga.* 657, 659 (51 S. E. 578); *Adams* v. *Klasing,* 20 *Ga. App.* 203 (3) (92 S. E. 960).

2. Although notice of a defect, given by the tenant to the landlord, charges the landlord with notice of any and all other defects such as might reasonably have been discovered by a compliance with such a request for repairs (*Stack* v. *Harris,* 111 *Ga.* 149, 36 S. E. 615), notice of a separate and independent patent defect, in no way connected with the latent defect which is alleged to have occasioned the injury, cannot be taken as constructive notice of the latter or as devolving upon the landlord any duty of inspection. *McGee* v. *Hardacre,* 27 *Ga. App.* 106 (3) (107 S. E. 563).

3. In the instant case the defects complained of are alleged to have been latent; the petition fails to show any notice of their existence such as would charge the landlord with the duty to inspect or repair; and since the petition entirely fails to indicate that the structure or steps, from which the injury occurred, were built by the landlord or under his authority or control, the allegation relative to the alleged defective construction fails to charge the defendant with negligence. The petition as it stands, thus failing to set forth a cause of action, should have been dismissed on the defendant's demurrer.

      *Judgment reversed. Stephens and Bell, JJ., concur.*

        DECIDED APRIL 19, 1924.

Action for damages; from Fulton superior court—Judge E. D. Thomas. October 9, 1923.

The plaintiff, as a tenant, sued the defendant as landlord, on

account of injuries received from being thrown from certain back steps, one of which, it is alleged, slipped, turned, and threw the plaintiff to the ground. The petition alleges that the defects causing the fall were latent, and that the plaintiff did not know of their existence and was under no duty to inspect the premises. The averments as to the defects are as follows: "that the stringer under said back-door steps was not of standard thickness, was only one and one eighth inches in thickness, when it should have been two inches, and was too thin and too light to hold the nails driven through the tread, or doorstep proper, to hold it in place on this particular occasion, when petitioner stepped on the second step from the top;" and that, "in addition to being too thin and light, said stringer, which was covered with a tread and rise, was decayed to such an extent that it would not hold nails, which fact could have been discovered only by inspection." The allegations as to the plaintiff's express or implied knowledge of the defects are as follows: that plaintiff was "injured because of latent defects in said steps, which were unknown to petitioner, but were known to defendant *or* by the exercise of ordinary care could have been known to defendant;" that "when defendant rented said premises for a residence, she necessarily warranted that the back door steps and all other parts thereof were reasonably safe for that purpose, and was under the legal duty of inspecting the same to ascertain if there were latent defects therein." The paragraph as to alleged notice to the landlord is as follows: "that petitioner and other tenants in said residence had requested the defendant to repair the roof of the back porch over said steps, which was leaking badly and was needing repair, or rather another roof." In the petition there is nothing to indicate that the landlord built or authorized the building of the house or the steps. The defendant demurred, on the grounds: that the petition failed to set out a cause of action; that the allegations showed that "the alleged defects were known to the plaintiff and unknown to the defendant;" and that "the plaintiff by the use of ordinary care could have avoided the injury;" and demurred to particular paragraphs, as failing to allege that the plaintiff was a tenant of the defendant, as being argumentative and untrue as matter of law, and as being irrelevant and immaterial. The trial court overruled the demurrer.

*Joseph W. Humphries, Bell & Ellis,* for plaintiff in error.
*Hill & Adams,* contra.