### 15713.  COHEN *v.* PHIPPS.

The evidence authorized a recovery of damages for injuries to the defendant's tenant, caused by failure to repair the roof and plastering of the rented house after due notice from the tenant; and the amount of the verdict was not excessive.

The charge of the court as to the law applicable in such a case was not subject to the exceptions taken.

DECIDED FEBRUARY 11, 1925.

Action for damages; from city court of Atlanta—Judge Reid. May 24, 1924.

*Carl B. Copeland, G. N. Bynum,* for plaintiff in error.

*Harwell, Fairman & Barrett,* contra.

JENKINS, P. J.   1.   The jury found for the plaintiff in the sum of $2,500, and exception is taken to the verdict as excessive.   "The question of damages being one for the jury, the courts should not interfere unless the damages found were so small or so excessive as to justify the inference of gross mistake or undue bias."   "An inference that the amount of damages in the present case is excessive is not justified by the evidence," which here indicated definite physical injuries, considerable pain and suffering, and injury to the nervous system.   Civil Code (1910), § 4399.   *Bibb Mfg. Co.* v. *Snow,* 26 *Ga. App.* 504 (1), 506 (106 S. E. 612).

2.   "There being no duty of inspection on the part of the landlord for the purpose of discovering defects arising subsequent to the time of the lease, the landlord is not liable for injuries to his tenant resulting from patent or latent defects arising subsequent to the time of the lease, unless he had actual knowledge of them, or had been notified by the tenant of such defects, and had failed to make repairs in a reasonable time, and the tenant could not have avoided the injuries resulting therefrom, by the exercise of ordinary care on his own part" (*McGee* v. *Hardacre,* 27 *Ga. App.* 106 (2), 107 S. E. 563), but it is also the rule that, "when the landlord is notified that the premises are out of repair, it becomes his duty to inspect and investigate in order that he may make such repairs as the safety of the tenant requires.   It follows, therefore, that when after such notice the landlord fails within a reasonable time to make the repairs, he is chargeable with notice of all the defects that a proper inspection would have disclosed."   *Stack* v. *Harris,* 111 *Ga.* 149, 151 (36 S. E. 615) ; *Roach* v. *LeGree,* 18 *Ga. App.* 250, 252 (89 S. E. 167) ; *McGee* v. *Hardacre,* supra (3). In the instant case the petition charged that "defendant had been notified personally and through its agent   .   .   that said plastering [the fall of which caused the injuries sued for] was in need of repair, and defendant knew of the defective condition of said plastering and that same was in need of repair," and that, "after knowledge of the defective condition of said plastering, defendant carelessly and negligently failed to repair said plastering."   The defendant excepts on the general grounds to the refusal of a new trial, and contends especially that these averments were unsupported by proof, and that "the evidence only showed that the defendant had been notified that the roof of the premises leaked."

The verdict for the plaintiff was, however, amply authorized under the evidence. The testimony for the plaintiff not only showed, by two witnesses, that prior to the lease the tenant had called the landlord's personal attention both "to the leaks in the roof" and to "the spots on the ceiling in the sun parlor" where the plaster fell, and the landlord agreed to make repairs, but that in subsequent letters before the injury, written to the renting agent of the landlord by the tenant, and by such agent to the landlord, attention was repeatedly called not only to leaks in the roof, which the jury were authorized to find caused the spotting, cracking, and falling of the ceiling in the sun parlor, but also particularly to leaks "in the sun parlor."

3. Special exception is also taken to the charge of the court, stating the plaintiff's contentions according to her pleadings, and to an instruction stating in substance the rule of law above quoted from *Stack* v. *Harris,* supra. The only ground of error claimed with reference to this instruction is that it was unauthorized by the evidence, and tended to confuse the jury, in that it authorized them to "infer that notice to the defendant landlord that the roof was leaking and needed repair was also sufficient notice to the defendant that the plastering was defective and needed repair." Notice as to the condition of the roof was undisputed; notice as to the defects in the plastering was disputed. The charge complained of did not compel a finding as a matter of law that notice as to the roof was equivalent to notice as to the defective plastering, but, in the language of the exception taken, merely *authorized* the jury to *infer* that such was the case; and consequently the exception taken does not disclose any instruction contravening the rule stated in the *Stack* case.

*Judgment affirmed.    Stephens and Bell, JJ., concur.*