## 22163. FINLEY *v.* WILLIAMS.

JENKINS, P. J. 1. By section 3699 of the Civil Code (1910) the duty to make repairs upon rented premises, which, at common law, devolved upon the tenant, is placed upon the landlord, who is liable to the tenant for any injury incurred by reason of his failure to perform such duty.

But in a case where the landlord has fully parted with possession and right to the possession of the premises, there is no duty of inspection on his part for the purpose of discovering defects arising subsequent to the time of the lease, and he is, therefore, not liable to his tenant for injuries resulting from defects thus arising, unless he has had actual knowledge of them, or has been notified of such defects and has failed to make repairs within a reasonable time, and the tenant could not have avoided the injuries resulting therefrom by the exercise of ordinary care on his own part. *Stack* v. *Harris*, 111 *Ga.* 149 (36 S. E. 615); *McGee* v. *Hardacre*, 27 *Ga. App.* 106 (2) (107 S. E. 563); *Kleinberg* v. *Lyons*, 39 *Ga. App.* 774 (148 S. E. 535).

2. Under the general rule stated above, where the tenant has knowledge of the defective condition of the rented premises, and the defect is such that an ordinarily prudent person would know of the danger naturally incident to such defective condition, it is his duty to refrain from using that portion of the premises the use of which would be attended with danger, and where he nevertheless voluntarily uses a portion of the premises which he knows to be thus defective, and sustains an injury, he will be deemed to be guilty of such contributory negligence as will bar a recovery. *Jackson* v. *Davis*, 39 *Ga. App.* 621, 623 (147 S. E. 913).

3. In the instant case, the injury occurred by virtue of one of the pillars of the house falling upon the plaintiff's minor child, causing her death. It is alleged that this pillar consisted of a large sycamore log, about four and a half feet long and about fifteen inches in diameter, which was not fastened at the top, and that the bottom, which rested upon rocks, had become very rotten for about two inches. It further appears from the petition that the defective condition mentioned, which was not only defective but necessarily and manifestly unsafe, was known to the plaintiff and her husband, and to the landlord, it being alleged that the plaintiff, through her husband as agent, had pointed out this condition to the defendant, at the time the family entered upon the premises more than two years prior to the date of the accident. In accordance with the rules of law stated in the foregoing divisions of the syllabus, it was the duty of the plaintiff to refrain from using that portion of the premises known to be defective and manifestly dangerous. Since the plaintiff could not herself recover for injuries resulting from the long-continued use of the defective and manifestly unsafe portion of the premises, she can not recover on account of the homicide of her minor child; and this is true irrespective of whether or not there might have been any right of recovery by the child had the injury not proved fatal. See 36 C. J. 227, § 917.

4. Under the foregoing rulings, the court did not err in sustaining the general demurrer.

*Judgment affirmed.* *Sutton, J., concurs.* *Stephens, J., dissents.*

DECIDED OCTOBER 29, 1932.

*Alec Harris,* for plaintiff. *Porter & Mebane,* for defendant.