23125.  HENDRICK *v.* MUSE.

DECIDED JANUARY 23, 1934.

*John W. Bolton, Thomas E. McLemore,* for plaintiff.

*E. Lee Douglas,* for defendant.

MacINTYRE, J.  Rebecca Hendrick brought an action against Miss Jessie Muse to recover damages resulting from plaintiff's stepping through the defective floor of the front veranda of a house rented by plaintiff from defendant and occupied by plaintiff. The controlling question in the case is whether or not the trial judge erred in dismissing the case upon general demurrer; and the decision of this question, in turn, depends upon whether or not plaintiff's notice to the defendant to repair the steps and banister of the veranda was notice of the defect alleged to have caused plaintiff's injuries.

The petition substantially avers that said house had a veranda "about five feet above the ground, with banisters around same, and a set of steps near the west end of said veranda;" that "the banister across the east end of the veranda and the second and fourth treads to said steps to same . . became out of repair, and that though

plaintiff "had given defendant notice of the repairs needed as stated above . . and defendant . . had reasonable time to have repaired same before July 23, 1932, . . she failed to repair same;" that as plaintiff was walking on the veranda at about ten o'clock at night on July 23, 1932, the breaking or slipping of a plank "about three feet from the east side of the veranda steps" from the sleeper to which it was fastened, or supposed to be fastened, "caused her left foot and left leg to plunge through the hole," causing the injuries complained of; that the floor of the veranda "was apparently in good repair," and plaintiff could not have discovered the defect therein by the exercise of ordinary care, "which she was exercising in walking across same at the time of her said injuries;" that had the defendant repaired said steps and banister, by the exercise of ordinary care she could or should have discovered the defect in the floor, and should have repaired the same and prevented plaintiff's injuries; and that the defendant's negligence "in failing to repair said premises as above stated, and in failing to exercise ordinary care in repairing same and discovering the unrepaired condition of said veranda floor and repairing said floor, was the sole and proximate cause of petitioner's said injuries."

We fail to see how repairing "the banister across the east end of the veranda" would have led the defendant to discover the defect in the floor near the west end of the veranda. Plaintiff was injured at "a point about three feet from the east side of the veranda steps," by reason of the fact that "one of the planks in the veranda floor slipped or broke from the sleeper" to which it was fastened, or supposed to be fastened. Whether the plank was fastened, or supposed to be fastened, to a sleeper at the front of the veranda, or on the back of the veranda, or to a sleeper at the end of the veranda, does not appear. The notice was that the "second and fourth treads to said steps" were "out of repair." It does not appear how many "treads" there were to the steps, but it does appear that the veranda floor was about five feet above the ground. In the case of *Stack* v. *Harris,* 111 *Ga.* 149 (36 S. E. 615), relied on by plaintiff in error, the plaintiff notified the defendant three times that the floor of the storehouse was out of repair, and, naturally, a proper inspection of the floor should have apprised the defendant of the defect therein. In the instant case the notice was that the steps and banister to the veranda were out of repair, and nothing

whatever was said of the veranda floor. Bearing in mind that the petition must be construed most strongly against the pleader, we are of the opinion that the court properly sustained the demurrer, under the rule that "notice of a separate and independent patent defect, in no way connected with the latent defect which is alleged to have occasioned the injury, can not be taken as constructive notice of the latter or as devolving upon the landlord any duty of inspection." *Godard* v. *Peavy*, 32 *Ga. App.* 121 (2) (122 S. E. 634), citing *McGee* v. *Hardacre*, 27 *Ga. App.* 106 (3) (107 S. E. 563).

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*