### 23797. SUTTON v. MURRAY.

SUTTON, J. Plaintiff sued for damages on account of personal injuries, and in her petition made the following allegations: that defendant owned a certain frame house in which the plaintiff lived; that the columns supporting the front porch of said house were fastened to the floor and to the beam supporting the roof, by means of nails; that at the point where said columns connect with the floor and the beam supporting the roof they were rotten and decayed, such condition being invisible to plaintiff in the ordinary course of ingress and egress; that on or about 10:30 p. m. on August 4, 1933, plaintiff was returning home and stopped in front of the house to talk with a neighbor, when the middle column gave way and fell upon plaintiff, thereby injuring her; that at the time and place aforesaid plaintiff was in the exercise of ordinary care and diligence and could not have avoided the consequences, and was wholly free from fault and negligence; that although said defendant, as owner and landlord, knew of the decayed and rotten condition of said porch and the columns connecting therewith, she failed to notify plaintiff of their condition, and failed to remedy and remove said hazardous and dangerous condition by repairing the same; that defendant knew of said decayed condition of said porch and columns, or in the exercise of ordinary care could, would, and should have known thereof; that defendant was negligent in that she knew, or in the exercise of ordinary care and diligence she could, should, and would have known of the decayed and rotten condition of the said front porch, roof beam, and column, and failed to repair and remedy said dangerous and hazardous condition; that she knew and failed to warn or notify plaintiff of the decayed and rotten condition of said front-porch beam, porch, and column, and the danger to be expected therefrom; and that the injuries to plaintiff were directly and proximately caused by the said negligence of the defendant. Defendant demurred to the petition, on the ground that no cause of action was set out therein against her. The court sustained the demurrer and dismissed the petition, and to this judgment plaintiff excepts. *Held:*

1. A landlord is ordinarily under no duty to inspect the rented premises while the tenant is in possession, in order to keep informed as to their condition, where the tenant is entitled to and has the exclusive possession thereof. *Ross* v. *Jackson*, 123 *Ga.* 657 (51 S. E. 578).

2. "There being no duty of inspection on the part of the landlord for the purpose of discovering defects arising subsequent to the time of the lease, the landlord is not liable for injuries to his tenant resulting from patent or latent defects arising subsequent to the time of the lease, unless he had actual knowledge of them, or had been notified by the tenant of such defects, and had failed to make repairs within a reasonable time, and the tenant could not have avoided the injuries resulting therefrom by the exercise of ordinary care on his own part." *McGee* v. *Hardacre*, 27 *Ga. App.* 106 (2) (107 S. E. 563).

3. On general demurrer a petition must be construed most strongly against the pleader, for it is a fundamental principle of pleading that where a petition is susceptible of two constructions, the construction adverse

to the pleader is to be adopted. *Lowden* v. *Merchants &c. Trans. Co.*, 20 *Ga. App.* 283, 286 (93 S. E. 45); *Hicks* v. *Atlantic &c. R. Co.*, 17 *Ga. App.* 69, 72 (86 S. E. 250). Thus construed, the allegations of the petition in this case, that the premises rented by the plaintiff from the defendant contained a defective condition invisible to the plaintiff in the ordinary course of ingress and egress, that the plaintiff was injured by reason of this defective condition and was at the time of her injury in the exercise of ordinary care, that the defendant knew of the decayed and rotten condition of the premises (where it does not appear when or how long he had known of it), but failed to notify the plaintiff thereof or to remedy the same by repairing the premises, and that the defendant knew of said decayed condition of the premises or in the exercise of ordinary care "could, would and should have known" thereof, do not set forth a cause of action against the defendant. See *Godard* v. *Peavy*, 32 *Ga. App.* 121 (122 S. E. 634). It does not appear from the allegations of the petition that the injury to the plaintiff arose from any latent defect in the premises, existing at the time the same were rented by her, but unknown to her, the only allegations of the petition in this connection being that the defective condition of the premises was invisible to the plaintiff in the ordinary course of ingress and egress. Nor does it appear from the petition when the house or porch and columns were constructed, nor by whom. The liability of a landlord for defective construction of a building exists only where the building is erected by him in person or under his supervision or direction; or if the building was defectively constructed by a predecessor in title of the defendant, and the defendant knew, or in the exercise of reasonable diligence could have known, of its improper construction before the tenancy was created, he would be answerable to the tenant for injuries sustained by reason of the failure to put the premises in a safe condition, if the tenant could not have avoided the injury by the exercise of ordinary care. *Adams* v. *Klasing*, 20 *Ga. App.* 203 (3) (92 S. E. 960).

4. It follows that the petition did not set out a cause of action against the defendant, and that the court did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

Decided April 7, 1934.

*DeKrasner & Goodman, Thomas E. Scott,* for plaintiff.
*Butler, McCollister & Thompson,* for defendant.