## 25853. GLEDHILL *v.* HARVEY.

DECIDED JANUARY 22, 1937.   REHEARING DENIED MARCH 3, 1937.

*J. E. Feagin,* for plaintiff in error.   *E. F. Taylor,* contra.

GUERRY, J.   "A landlord is not an insurer, but he is under a legal duty to keep the rented premises in repair, and is liable in damages to a person who receives injury while lawfully upon the premises and who is in the exercise of due care, if the injury arises  .  .  because of his failure to repair defects of which he knows or in the exercise of reasonable diligence ought to know."

*Ross* v. *Jackson,* 123 *Ga.* 657 (51 S. E. 578). It is true that he is not liable to a tenant for injuries "arising from a patent defect in the premises, existing at the time of the lease, and of which the tenant knew or had means of knowing, equal to those of the landlord, unless the rent contract stipulates to the contrary." *McGee* v. *Hardacre,* 27 *Ga. App.* 106 (107 S. E. 563), and cit. Nor is he liable for injuries to a tenant arising from "latent defects unknown to the tenant, existing at the time of the lease, unless the landlord actually knew, or by the exercise of ordinary care on his part might have known, of their previous existence." *McGee* v. *Hardacre,* supra. It is further true that no duty of inspection rests on the landlord to discover defects arising subsequently to the time of the lease. *Godard* v. *Peavy,* 32 *Ga. App.* 121 (122 S. E. 634). However, it is equally true that when he receives notice from a tenant of a defect in the premises, it becomes his duty to exercise ordinary care to inspect and repair the defect within a reasonable time, and on a failure so to do he is liable in damages to his tenant injured because of such defect, if the injured party was in the exercise of ordinary care. With regard to notice of defects, two distinct rules have been laid down: (1) "Notice of a defect, given by the tenant to the landlord, charges the landlord with notice of any and all other defects such as might reasonably have been discovered by a compliance with such a request for repairs," (*Godard* v. *Peavy,* supra; *Stack* v. *Harris,* 111 *Ga.* 149 (36 S. E. 615). (2) "Notice of a separate and independent patent defect, in no way connected with the latent defect, which is alleged to have occasioned the injury, can not be taken as constructive notice of the latter or as devolving upon the landlord any duty of inspection." *Godard* v. *Peavy,* supra. While counsel for plaintiff in error (defendant in the court below) contends earnestly in this court that the present case is an example of the latter, in that the tenant (plaintiff) gave notice to the landlord (defendant) of a patent defect, to wit, the falling out of a pillar under the right side of the back porch, which was entirely disconnected from the rotten condition of a sill under the floor boards of the back porch, which was shown to have caused the injury, and that therefore the defendant was not under any duty to inspect and discover this latent defect, and that, since no actual notice of the defect on the part of the landlord was shown, no

recovery was authorized, we do not think, after a careful reading of the brief of evidence, that counsel for plaintiff in error gives sufficient credit to the evidence of the plaintiff. It is true that the plaintiff and her husband testified that they notified the landlord that the pillar supporting the right side of the back porch had fallen out, and that the defendant replaced that pillar, yet they further testified that they notified the defendant "of the dangerous condition of the porch," that the floor on one side, not at the point where plaintiff was injured but a few feet therefrom, was springy, and requested repairs. The jury were authorized to find that the defendant, by the exercise of ordinary care in inspecting and repairing the porch, as had been requested by the plaintiff, could have discovered the defect which caused the injury to the plaintiff, and we have no power to interfere with their finding. It was shown that the right side of the back porch, to the right of the walkway between the door of the house and the door of the back porch, was springy, and that the pillar which the defendant replaced was under the right-hand corner of the porch, and that in fixing the pillar and inspecting this springy condition of the floor the rotten sills, which supported the same back-porch floor and were only a few feet from that part which was at that time springy, were plainly visible. We understand clearly that it is a just rule that where the landlord is given notice of a latent defect, such as a defect of a roof of a back porch, over certain steps, which caused the roof to leak, he is not charged with any duty to inspect the floors and steps of the house; yet on the other hand we do not think the rule should be so applied that where a landlord is given notice of the springy condition of part of the floor of the back porch, he may fix that part of the porch and close his eyes to other defects in the floor in and around and connected with such defect. Because of the condition of such defect, ordinary care might require that he make a general inspection of the surrounding floor.

The court charged the jury: "I charge you that it is the law of this State that the landlord must keep the premises in repair and is responsible to others for damages resulting from defective construction or for damages from failure to keep the premises in repair." This charge is in conformity to the Code, §§ 61-111, 61-112. It is the law of this State, and was properly

qualified by the judge by instruction that the landlord is chargeable only with the exercise of ordinary care after notice of a defect.

In her pleadings the plaintiff made no contention that the injuries she sustained were proximately caused from a faulty *construction* of the house; nor do we find in the record any evidence of any faulty construction, except from a witness of the defendant who testified that the nails in the floor were too short; and we do not construe his testimony to mean that the nails were not proper for the use of nailing flooring, or that because of the shortness of the nails the floor was caused to give in, for the witness himself testified that he had often used the same kind of nails for the same purpose. While it is true that the charge, "It is the law of this State that the landlord is responsible to others for damages resulting from defective construction," was not applicable to the facts of the case, we do not think it could have been harmful. The plaintiff made no such contention in her pleadings, and her entire evidence was that the defect arose because of the decay of the sills. The judge charged the jury that the plaintiff must recover, if she recovered at all, on one of the grounds of negligence contained in the petition, which did not charge the defendant with negligence in the construction of the house. Moreover, at the end of the charge, counsel for the plaintiff in error called the court's attention, presumably in the presence of the jury, to the alleged error in this charge, and the court then charged: "Of course you understand the question of the construction of the house originally has nothing to do with this case." By this the jury must necessarily have understood that, since no contention had been made concerning the construction of the house, there was before them no issue of negligent construction.

■ Error is assigned on the following excerpt from the charge: "When the landlord is notified that the premises are out of repair, it becomes his duty to inspect and investigate in order that he make such repairs as the safety of the tenant requires. When, if, and after such notice has been given, the landlord fails within a reasonable time to make the repairs, he is chargeable with notice of all defects that a proper inspection would have discovered." Error is assigned because there was no evidence that the landlord failed at any time to make any repairs the necessity for which he

had been notified. The assignment is without merit. According to the evidence, the plaintiff had notified the defendant that the right side of the back porch was in a dangerous condition—was springy. He replaced a pillar under the right side of the back porch, which apparently remedied the shaky condition of the floor. However, it is undisputed that he did not repair the rotten sill, and the jury found that in repairing the dangerous shaky condition of the floor, of which he had been given notice, he should, in the exercise of ordinary care in repairing this condition, have discovered the rotten condition of the sill. Therefore it is apparent that the charge was not entirely unadjusted to the evidence.

■ Complaint is made that the court charged that "the petitioner alleges that the defendant was notified several times of the defective condition of said back porch on the right-hand side, on account of it being springy and dangerous, and the petitioner alleges that the defendant promised to fix the porch several times, but did not repair the same until after your petitioner was injured," the error assigned being that the evidence did not support this charge. After reading the charge it is patent that the judge was merely *stating* to the jury the contentions of plaintiff, by a narrative reading of the allegations of the petition. Then there was no error, even if the contention stated was not supported by any evidence. *W. & A. R. Co.* v. *Lochridge,* 39 *Ga. App.* 246 (146 S. E. 776); *Matthews* v. *Seaboard Air-Line Ry.,* 17 *Ga. App.* 664 (87 S. E. 1097); *Georgia Ry. & Power Co.* v. *Simms,* 33 *Ga. App.* 535 (126 S. E. 850); *White* v. *Knapp,* 31 *Ga. App.* 344 (120 S. E. 796); *Georgia Railway & Electric Co.* v. *Carroll,* 143 *Ga.* 93 (84 S. E. 434); *Friedman* v. *Martin,* 43 *Ga. App.* 677 (160 S. E. 126). This was certainly an allegation of the plaintiff's petition; this was just what the judge charged; and the question whether the evidence supported the allegations is not important in determining the correctness of the charge. "It is one thing to state what a party contends, and another and very different thing to state the law applicable to such contention." *Atlanta, Knoxville & Northern Ry. Co.* v. *Gardner,* 122 *Ga.* 82 (49 S. E. 818); *Newton* v. *Seaboard Air-Line Ry.,* 17 *Ga. App.* 624 (87 S. E. 908); *Mayor &c. of Americus* v. *Gammage,* 15 *Ga. App.* 805 (84 S. E. 144). We have carefully examined the remaining as-

signments of error, and we think them to be without merit. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*