## 26860. MITCHELL *v.* WELLS.

DECIDED SEPTEMBER 9, 1938.

*Lanham & Parker,* for plaintiff in error.
*Maddox & Griffin,* contra.

GUERRY, J. While it has been said that "A landlord is not an insurer of the safety of persons lawfully upon the premises, but is responsible to such a person who receives injury thereon and who is in the exercise of due care, if the injury arises because of his failure to repair defects of which he knows, *or in the exercise of due care ought to know*" *(Gledhill* v. *Harvey, 55 Ga. App.* 322, 190 S. E. 61; *Ross* v. *Jackson, 123 Ga.* 657, 51 S. E. 578) (italics ours), it has been pointed out in each instance that "a tenant is entitled to exclusive occupancy during the term of the tenancy, and it is his duty, if the premises get out of repair, to notify the landlord of their defective condition. The landlord is under no duty to inspect the premises while the tenant is in possession, in order to keep informed as to their condition." *Ross* v. *Jackson,* supra. The exercise of due care on the part of the landlord concerning defects arising in the premises is in discovering and repairing the same after notice thereof. *Gledhill* v. *Harvey,* supra. Consequently, in the present case (a suit by a tenant, Dollie Wells, against her landlord, Estelle Mitchell), for injuries alleged to have been sustained by the plaintiff because of the latent defective condition of the front porch of the premises, which gave way under the weight of the plaintiff, it was error for the trial judge, in a final summation of applicable principles of law as applied to the facts of the case, to charge the jury as follows: "I charge you, gentlemen, that you will look to the evidence in this case, and see

whether or not the plaintiff was injured in the way and manner as set out in her petition. . . In order for the plaintiff to recover, it must appear to you, by a preponderance of the evidence in the case, that she was injured and damaged, and that she was free from fault, that is, that she was in the exercise of ordinary care and diligence for her own safety and protection, taking into consideration all the facts and circumstances in the case, about which the court has charged you, and that her injury and damage resulted from the negligence of the defendant, that the defendant was not in the exercise of ordinary care and diligence, that the premises were not in a safe condition, and that the plaintiff's injury and damage resulted from a lack of repair of said premises, and that the defendant had notice, *or, not having notice of it, that in the exercise of ordinary care should have known of the defective condition of the premises,* and that it was the result of one or more of the facts of negligence set out in the plaintiff's petition." This charge, and other similar instruction, in effect placed the burden upon the defendant landlord of exercising ordinary care to discover the defective condition of the leased premises, even though she had not been given any notice thereof; and as such it was erroneous. *Ocean Steamship Co.* v. *Hamilton,* 112 *Ga.* 901 (2) (38 S. E. 204) ; *White* v. *Montgomery,* 58 *Ga.* 204. This case is to be distinguished from those cases wherein it appeared that the landlord "retained a qualified possession and control of the premises." *Crossgrove* v. *Atlantic Coast-Line R. Co.,* 30 *Ga. App.* 462 (2-*a*) (118 S. E. 694); *Brim* v. *Healey Real Estate & Improvement Co.,* 56 *Ga. App.* 483 (193 S. E. 84). The fact that the judge had theretofore, but not in the same connection, charged the jury that "no duty of inspection rests on the landlord to discover defects arising subsequent to the time of the lease. It is equally true that when the landlord receives notice from a tenant of a defect in the premises, it becomes his duty to exercise ordinary care to inspect and repair the defect within a reasonable time, and upon a failure so to do he is liable in damages to his tenant injured because of such defect, if the injured party was in the exercise of ordinary care," did not render harmless the error in the above-quoted charge. See *Snellings* v. *Rickey,*

57 *Ga. App.* 836 (197 S. E. 44). The judge erred in overruling the motion for new trial.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*