28928. RECONSTRUCTION FINANCE CORPORATION *v.* BILTON.

DECIDED JULY 3, 1941.

*W. J. Hobbs, E. G. Jackson,* for plaintiff in error.
*Fleming & Fleming,* contra.

STEPHENS, P. J. Mrs. J. S. Bilton brought suit against Reconstruction Finance Corporation to recover for personal injuries alleged to have been received by her as the result of the negligence of the defendant in failing to make repairs to the porch of a house of the defendant of which the plaintiff's husband was the tenant. It is alleged in the petition that "the house was in general bad condition, some of the windows were out and the roof leaked;" that "these defects and others were reported to the renting agents" of the defendant; and that the agents "promised time and again to have the proper repairs made, but the promise was never fulfilled but ignored." It is specifically alleged that there was no complaint made about the front porch which, so far as the plaintiff "could tell from the outer surface, was in substantial condition for one to use in entering the house." It is further alleged that "the defendant had general notice of the bad condition of the house and the making of the repairs would have led to a discovery of the defective condition in the floor of the porch," and that the defendant's failure "to make such repairs was negligence causing the injury to the plaintiff." The court overruled a motion in the nature of a general demurrer to the petition. The trial resulted in a verdict and judgment for the plaintiff. The defendant moved for a new trial on the general grounds only, that the verdict was without evidence to support it, was contrary to law, etc. To the judgments overruling the demurrer to the petition and overruling the motion for new trial, the defendant excepted.

It appears from the undisputed evidence as follows: The only notice given to the defendant of the defective condition of the premises was the general notice to the defendant's agents that the premises were in "bad need of repairs," that a number of panes were out of the windows, and that the roof leaked. The attention of the defendant's real estate agent having charge of the property was never called to any defective condition of the porch. It does not appear that the defendant or its agents had any notice of the condition of the premises except the specific defects above indicated as respects the panes, the condition of the roof, and that the property was generally in bad repair. It further appears from the evidence that the agents knew that the property was in "bad need of repairs" and was "not in any condition to be occupied," and that the agents so informed the husband of the plaintiff before the prem-

ises were rented to him, and that the premises were rented to the plaintiff's husband on an agreement and understanding that he would take the property in its then condition and that no repairs would be made on the property.

It appears that the plaintiff was injured by a fall received from stepping on a rotten or defective plank in the porch of the house. From the undisputed evidence it appears that the defendant, through its agents in charge of the property, had knowledge that the property was generally in need of repair, but it does not appear that the agents had any knowledge or notice as to any defective condition of the porch; that the agents' attention was never called to any defective condition of the porch, but the agents were notified that the house was in bad need of repairs, but no specific defects were pointed out to the agents except that there were a number of panes out of the windows and the roof leaked. After receipt of the notice no repairs were made by the defendant or its agents. It does not appear that the defendant had any knowledge of the defective condition of the porch, or at any time made any inspection of the porch or any portion of the premises that would lead to a discovery of any defective condition in the porch.

While it does appear that the defendant, through its agents, had knowledge that the premises were in bad need of repairs and not in a condition suitable to be occupied by a tenant, it does not appear that such knowledge included knowledge of any defective or dangerous condition in the porch. The premises could be unfit for occupancy by reason of leaks in the roof, broken window panes, and the general condition of the premises.

The allegation in the petition that had the defendant made repairs after receiving general notice of the bad condition of the house, making them would have led to a discovery of the defective condition in the porch, is but a conclusion of the pleader with no facts on which to base it. The allegations as to notice to the defendant that the house was in general bad condition and that some of the windows were out and that the roof leaked and that other defects not mentioned were reported to the defendant's agents, are not of sufficient facts on which to base the conclusion that the agents in repairing the defects would necessarily, in the exercise of ordinary care, have discovered the defective condition of the porch.

In order to hold a landlord liable to one lawfully on the premises for injuries received as a result of the defective condition of the premises it must appear that the landlord had notice of the defective condition causing the injury, and negligently failed within a reasonable time to make repairs, or that the repairing by the landlord of the defective condition pointed out would, in the exercise of ordinary care on his part, have led to a discovery of the defective condition which caused the injury. *Godard* v. *Peavy,* 32 *Ga. App.* 121 (122 S. E. 634); *Hendrick* v. *Muse,* 48 *Ga. App.* 295 (172 S. E. 661).

The petition did not set out a cause of action, and the evidence did not authorize a verdict for the plaintiff. The court erred in overruling the defendant's demurrer and also in overruling the motion for new trial.

*Judgment reversed. Sutton and Felton, JJ., concur.*