29498. GIBSON *v.* LITTLEJOHN.

DECIDED JULY 11, 1942.

*Meredith & Nunnally, Norman I. Miller,* for plaintiff.
*Hirsch, Smith, Kilpatrick, Clay & Cody,* for defendant.

BROYLES, C. J.   Elizabeth Gibson sued Charles L. Littlejohn to recover damages for alleged personal injuries caused by the alleged negligence of the defendant in failing to discover and repair the defective condition of the floor of the front porch of a dwelling house rented from the defendant by her husband.   The court sustained a general demurrer to the petition, and the plaintiff excepted to that judgment.

Since the controlling question is whether the notice given the defendant by the plaintiff's husband of defects in the *roof* of the house (including the *roof* over the porch) sufficed to put the defendant on notice of the alleged latent defect in the *floor* of the porch that caused the plaintiff's injuries, it is only necessary to consider the averments of the petition that illustrate that issue. The petition alleges that the plaintiff's husband rented a certain one-story, six-room dwelling house from the defendant on February 1, 1941, and that plaintiff and her husband moved into said house on that date; that the floor of the front porch of the house was made of boards about three fourths of an inch thick and about three inches wide; that while the plaintiff was sweeping said porch at about 9:30 on the morning of September 6, 1941, "the board of said floor under her left foot  .  . broke," and "her left foot and the lower part of her left leg  .  . went through the hole made by the breaking of said board," causing her to fall violently on the floor and seriously injuring her in specified ways; and that the

part of the porch which fell through had rotted *underneath but appeared safe and secure on top,* and that she "exercised all possible care in using said porch," and could not by the exercise of ordinary care have avoided being injured. Paragraph 15 of the petition alleges that "when the first hard rain came after said parties moved into said premises . . , the roof of said house started leaking in the region of the back bedroom on the right of the house; that soon thereafter it rained and leaked through over the kitchen; that shortly thereafter during a rain it came through that part of the roof immediately over the living room which is near the front of said house, and also through the roof and ceiling of the porch which was at the extreme front of said house." Paragraph 16 substantially avers that plaintiff's husband notified the defendant through his authorized agent "of said leaky condition of said roof" but the agent said he could not do anything about it. Paragraph 17 substantially alleges that "about three months after petitioner and her husband moved into said premises a man who stated he was sent by defendant to make the repairs made "a minor repair where a hole had appeared in the roof of the back bedroom by reaching from the ladder," and "informed petitioner's husband that the roof of said house was so rotten that it would be dangerous to go upon same to further repair said roof; that the house needed a complete new roof." Paragraph 28 alleges: "That after the defendant had been notified of the defective condition of the roof as aforesaid, had he made a proper inspection of the same and of the premises generally in order to ascertain the effect of such leaking condition of said roof upon any part of said house, the defects could have been discovered and repaired." Paragraph 29 avers that "the defendant was negligent, after being notified and requested to repair said roof, in failing to repair same and place said premises in a safe condition."

"Under the law of this State, it is presumed that the premises leased are in a condition suitable for the purposes for which they were rented, and if such is not the case, and damage results therefrom to the tenant, the landlord is liable, provided he has had notice of the defective condition of the premises and has failed after a reasonable time to make the necessary repairs, and provided also that the tenant has not been guilty of such negligence as to bar a recovery. . . When the landlord is notified that the

premises are out of repair, it becomes his duty to inspect and investigate in order that he may make such repairs as the safety of the tenant requires. It follows, therefore, that when after such notice the landlord fails within a reasonable time to make the repairs, *he is chargeable with notice of all the defects that a proper inspection would have disclosed.*" (Italics ours.) *Stack* v. *Harris,* 111 *Ga.* 149, 150 (36 S. E. 615), and cit. "Although notice of a defect, given by the tenant to the landlord, charges the landlord with notice of any and all other defects such as might reasonably have been discovered by a compliance with such a request for repairs (*Stack* v. *Harris* [supra]), notice of a separate and independent patent defect, in no way connected with the latent defect which is alleged to have occasioned the injury, can not be taken as constructive notice of the latter or as devolving upon the landlord any duty of inspection. *McGee* v. *Hardacre, 27 Ga. App.* 106 (3) (107 S. E. 563).*" Godard* v. *Peavy, 32 Ga. App.* 121 (2) (122 S. E. 634). The headnote in *Reconstruction Finance Cor.* v. *Bilton,* 65 *Ga. App.* 249 (15 S. E. 2d, 803) reads: "A notice given by a tenant to the landlord that the roof of the rented premises leaked, that some of the window panes were out, and that the house was in general bad condition, is not sufficient to charge the landlord with notice of, or with negligence in failing to discover, a defective latent condition in the porch of the house which consists in a defective plank in the porch floor. This is true notwithstanding the landlord knew that the premises were in 'bad need of repairs and not in a condition to be occupied by a tenant.' " On page 251 of the decision the court said: "The allegations as to notice to the defendant that the house was in general bad condition and that some of the windows were out and that the roof leaked and that other defects not mentioned were reported to the defendant's agents, are not of sufficient facts on which to base the conclusion that the agents in repairing the defects would necessarily, in the exercise of ordinary care, have discovered the defective condition of the porch." In the *Bilton* case the defendant excepted to the overruling of "a motion in the nature of a general demurrer to the petition" and to the overruling of its motion for a new trial based solely upon the general grounds, and this court held that "the court erred in overruling the defendant's demurrer and also in overruling the motion for new trial." In *Gledhill* v.

*Harvey,* 55 *Ga. App.* 322, 325 (190 S. E. 61), this court said: "We understand clearly that it is a just rule that where the landlord is given notice of a latent defect, such as a defect of a roof of a back porch, over certain steps, which caused the roof to leak, he is not charged with any duty to inspect the floors and steps of the house; yet . . we do not think the rule should be so applied that where a landlord is given notice of the springy condition of part of the floor of the back porch, he may fix that part of the porch and close his eyes to other defects in the floor in and around and connected with such defect. Because of the condition of such defect, ordinary care might require that he make a general inspection of the surrounding floor." Of course, "Members of a tenant's family, his guests, servants, employees, or others present by his express or implied invitation, stand in his shoes, and are controlled by the rules governing the tenant as to the right of recovery for injuries arising from failure to keep the premises in repair." *Crossgrove* v. *Atlantic Coast Line R. Co.,* 30 *Ga. App.* 462 (2) (118 S. E. 694), and cit.

Considering the allegations of fact in the present petition, aside from mere conclusions of the pleader, in the light of the rule that the petition must be construed most strongly against the plaintiff, the notice given the defendant of the defects in the *roof* of the house (including the roof over the porch) did not charge him with notice of the *hidden defect in the floor of the porch* that caused the plaintiff's injuries.

The decision in *Napier* v. *Pool,* 39 *Ga. App.* 187 (146 S. E. 783), cited and relied on by plaintiff in error, is clearly differentiated by its facts from this case. In that case the landlord was notified that *the floor* of the porch was in bad shape, having "four or five planks that looked like they were decaying." The landlord, after receiving the notice, agreed "to fix the flooring," but failed to do so; and the wife of the tenant was thereafter injured by stepping upon a plank in the porch which broke because it was rotten underneath. That rotten plank was four or five feet from other planks that were obviously in need of repair, and which inferably were the planks referred to in the notice to the landlord; and this court held that it was the landlord's duty to have repaired those planks about which he was given notice; and that the evidence authorized the jury to find that if he had done so, he, by

the exercise of ordinary care, could have discovered the rotteness of the near-by plank that broke when the plaintiff stepped upon it. In the instant case, the notice to the landlord referred *only to the roof* of the house, including the roof over the porch, and nothing in the notice indicated that the floor of the porch needed repairing. The other cases cited in behalf of the plaintiff in error are also distinguished by their particular facts from this case.

In our opinion the court did not err in dismissing the petition on general demurrer.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*