35017. WHITE *v.* THACKER.

DECIDED FEBRUARY 17, 1954.

658

*Everett & Everett*, for plaintiff in error.

*Augustine Sams, Walter V. Beasley*, contra.

TOWNSEND, J. There is no duty upon the landlord, in the absence of a duty imposed by statute or contract, to keep common halls and passageways lighted, and failure alone to light such areas, where no other negligence is alleged against the defendant, will not sustain a cause of action. *Lee v. Malone*, 55 *Ga. App.* 821 (191 S. E. 494); *Chamberlain v. Nash*, 54 *Ga. App.* 508 (3) (188 S. E. 276); *Srochi v. Hightower*, 57 *Ga. App.* 322 (195 S. E. 323); *Frierson v. Mutual Realty Co.*, 48 *Ga. App.* 839 (174 S. E. 144); *Hendricks v. Jones*, 28 *Ga. App.* 335 (1) (111 S. E. 81). Accordingly, the allegation that the hallway was unlighted, taken alone, establishes no negligence on the part of the defendant.

"Notice of a separate and independent patent defect, in no way connected with the latent defect which is alleged to have caused the injury, can not be taken as constructive notice of the latter as devolving on the landlord any duty of inspection." *Gledhill v. Harvey*, 55 *Ga. App.* 322 (1) (190 S. E. 61). See also *Jackson v. Thom*, 80 *Ga. App.* 673 (1) (57 S. E. 2d 234); *Gibson v. Littlejohn*, 67 *Ga. App.* 597 (21 S. E. 2d 248); *Reconstruction Finance Corp. v. Bilton*, 65 *Ga. App.* 249 (15 S. E. 2d 803); *Ledbetter v. Gibbs*, 19 *Ga. App.* 485 (3) (91 S. E. 875). Accordingly, notice to the landlord in September that a chimney flue was stopped up and functioning improperly did not constitute notice that three months later there was a hole in a concrete hallway. Accordingly, the landlord is not chargeable with actual notice of the hole into which the plaintiff alleges she fell, and which caused her injuries.

Nor are the allegations of the petition in relation to the rough and unsafe condition of the wooden steps pertinent, 'for the rea-

son that no causal connection is alleged between their condition and the plaintiff's injuries, it appearing that she had reached the hallway when she tripped over the hole.

It follows, therefore, that the question of the defendant landlord's liability for failure to repair the hole in the cement hallway rests upon whether or not he had a duty to make such repair, and this, in turn, must depend upon constructive, rather than actual notice, since no sufficient actual notice is alleged. However, the petition does, by amendment, set up that the defendant "retained supervision of said building and customarily made repairs on the premises under his own direction and supervision." Under such circumstances, the rule as set forth in Code § 61-112, that the landlord, having fully parted with possession and right of possession, is not liable for damages except those arising from defective construction or failure, after notice, to keep the premises in repair, is modified to the extent that a landlord who retains possession and control for the purpose of inspection and repair is liable for injuries resulting from any defects which, *in the exercise of ordinary care,* such inspection would have revealed to him. *Marr* v. *Dieter,* 27 *Ga. App.* 711 (2) (109 S. E. 532) ; *Home Owners Loan Corp.* v. *Brazzeal,* 62 *Ga. App.* 683 (9 S. E. 2d 773) ; *Rothberg* v. *Bradley,* 85 *Ga. App.* 477 (69 S. E. 2d 293) ; *Robertson* v. *Nat Kaiser Investment Co.,* 82 *Ga. App.* 416 (61 S. E. 2d 298). It was held in *City of Dalton* v. *Anderson,* 72 *Ga. App.* 109 (33 S. E. 2d 115) that a landlord who reserved the right to enter, inspect and repair is subject to liability for lack of ordinary care in discovering and remedying defects because his reservation of the right to enter, inspect and repair removes every vestige of reason why the liability for failure to repair defects should be suspended, as in cases where the landlord surrenders exclusive possession to a tenant. The petition, therefore, sets out a cause of action predicating liability on the failure to exercise the required degree of care to discover and cure defects in the hallway as a duty coexistent with the landlord's retention of a qualified possession and control of the common passageways in the multi-purpose building.

■ It is contended by demurrer that the landlord owed this plaintiff no duty as to the upstairs hallways which were for the use of other tenants, when her own downstairs store had access

to the street independent of such stairs or hallways. Generally speaking, this proposition would be correct. The plaintiff here, however, seeks—successfully, so far as the allegations of the petition are concerned—to show that her presence in the upstairs hallway was lawful because it was necessary. It was the route she had to use to reach the flue feeding the chimney of the stove in the premises under her exclusive control, and it was a route maintained by the landlord for tenants having need thereof. If the plaintiff's stove would not function, and if, as alleged, the landlord had actual notice thereof and (either because of his failure to repair, or faulty repair) it continued to be unusable, the plaintiff was damaged, and it was her duty to mitigate her damages insofar as possible. *Cohen Bros.* v. *Krumbein,* 28 *Ga. App.* 788 (2) (113 S. E. 58). Had the defendant, for the purpose of fulfilling his duty to make this repair, engaged the services of a repairman, and had it been necessary for such repairman to use this route, and had he been injured thereby, the defendant would have been liable to him. *Fulton Ice & Coal Co.* v. *Pece,* 29 *Ga. App.* 507 (1) (116 S. E. 57). It is equally true, however, that such repairman would be an invitee only as to those portions of the building which the owner of the premises gave him access to and anticipated his using, and an injury to such a person on another part of the premises on which he did not have such right of entry, and as to which he would be a mere licensee, would not be compensable on this theory. See *West* v. *Smith & Kelly Co.,* 42 *Ga. App.* 653 (157 S. E. 261).

The passageway in question was open to tenants of the building who needed to use the same, as an easement appurtenant to the full enjoyment of their leased property. Although the tenant here had no need to use such passageway in the ordinary course of entering or leaving her store, whether or not it became available to her for the particular purpose alleged, of using it as the means of access to the flue of her chimney, and whether, in the exercise of the duty to mitigate her damages, if any, she undertook to repair the flue herself—are jury questions.

■ It is further contended that the defect was a patent one; and, it not being alleged that it did not exist at the time the plaintiff leased the property, the defendant was under no duty to her to make repairs thereof. *McGee* v. *Hardacre,* 27 *Ga. App.*

106 (2) (107 S. E. 563); *Sutton* v. *Murray,* 49 *Ga. App.* 130 (2) (174 S. E. 174); *Aikin* v. *Perry,* 119 *Ga.* 263 (46 S. E. 93). Analysis of these and similar cases reveals that the reason a landlord is under no obligation to repair a patent defect existing at the time of the lease is because a reasonable inspection by the tenant must be presumed to have disclosed it to him, and he is presumed to have taken subject thereto. The reason for the rule ceases where, as here, the defect is in a part of the building which the tenant would have had no reason to examine prior to entering into the rental agreement, and in face of the positive allegation that she was in fact ignorant of the defect.

■ It follows from what has been said in the preceding divisions of this opinion that the plaintiff is not barred from recovery, under Code § 105-603 and the rulings in *Lee* v. *Malone,* 55 *Ga. App.* 821 (191 S. E. 494) and similar cases, on the theory that she failed to exercise ordinary care for her own safety. While mere failure to light a hallway which proximately results in injury is not negligence in the absence of special contract or statutory provisions, failure to light an area which the landlord has negligently left in bad repair may be considered on the question of whether, as charged in the petition, the landlord was negligent in failing to give warning of a known defect. Under these circumstances, whether or not the plaintiff proceeded with due care is as much a jury question as whether the existence of the hole into which she tripped or the failure to warn tenants of the defect by lights or otherwise constituted negligence on the part of the defendant. On the issue of notice or warning, there is a further jury issue as to whether or not the landlord should, under all the circumstances, have anticipated the presence of the tenant in the passageway, since, except for the condition of the flue, she had no apparent reason for using the passageway. Until the defendant, in the exercise of ordinary care, should anticipate her presence there, he would have no duty, as to her, to give warning of the defect in the floor.

The trial court properly overruled the general demurrers to the petition.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*